# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

LeMond Cycling, Inc.,

                    Plaintiff,

                                  Civ. No. 08-1010 (RHK/JSM)
                                  **MEMORANDUM OPINION**
v.                                       **AND ORDER**

Trek Bicycle Corporation*,*

                  Defendant.

---

Christopher W. Madel, Denise S. Rahne, Jennifer M. Robbins, Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, Minnesota, for Plaintiff.

Ralph A. Weber, Christopher P. Dombrowicki, Kristal S. Stippich, Gass Weber Mullins LLC, Milwaukee, Wisconsin, Erik T. Salveson, Amanda M. Cialkowski, Benjamin R. Rolf, Halleland Lewis Nilan & Johnson, P.A., Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

In this action, Plaintiff LeMond Cycling, Inc. ("LeMond Cycling") has sued Defendant Trek Bicycle Corporation ("Trek"), alleging *inter alia* that Trek breached the terms of a license agreement between the parties. Trek now moves to transfer this action to the United States District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court will deny the Motion.

## BACKGROUND

LeMond Cycling is a Minnesota corporation founded by Greg LeMond, a world-famous bicycle racer who is a three-time winner of the Tour de France. (Compl. ¶ 1.) LeMond licensed his name and likeness to LeMond Cycling, which in turn sublicensed

various marks to Trek for use in connection with the manufacture and sale of LeMond-branded bicycles in 60 countries. (Id. ¶¶ 5, 10.) According to LeMond Cycling, Trek has failed to live up to its obligations under the sublicense, including failing to use its "best efforts" to develop and promote sales of LeMond-branded bicycles. (Id. ¶ 10.)

On March 20, 2008, LeMond Cycling served Trek with the Summons and Complaint in the instant action, which was then venued in Hennepin County District Court; it did not file the Complaint at that time.[1] In response, Trek's counsel asked for time to consider the allegations in the Complaint before LeMond Cycling filed it with the court; LeMond Cycling agreed. (Blumin Decl. Ex. 1.)[2] LeMond Cycling heard nothing further from Trek until April 8, 2008, when Trek commenced an action in the United States District Court for the Western District of Wisconsin (the "Wisconsin Action"). (Salveson Decl. ¶ 2 & Ex. 1.) In the Wisconsin Action, Trek seeks a declaration that (1) it has not violated the best-efforts clause in the sublicense agreement and (2) it may terminate that agreement. (Id. Ex. 1.) LeMond Cycling then filed the Complaint in the instant matter in Hennepin County District Court, and Trek removed it to this Court the following day, April 9, 2008. Trek now moves to transfer this action to the Western District of Wisconsin.

---

[1] Under Minnesota Rules of Civil Procedure 3.01 and 3.02, service of a summons and a complaint is sufficient to commence a civil action.

[2] Blumin's Declaration was not made under penalty of perjury. See 28 U.S.C. § 1746 (declaration has same evidentiary value as affidavit only if "it is signed under penalty of perjury"). Because Trek has not objected to the Declaration on this ground, the Court will consider it. See Cody v. Hillard, 139 F.3d 1197, 1199 n.1 (8th Cir. 1998).

**STANDARD OF REVIEW**

28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3] As the statutory language makes clear, three general factors inform a district court's decision whether to grant a motion under Section 1404(a): (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. See also Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). However, a district court may also consider any other factors it finds relevant when deciding whether transfer is warranted. Id.

There is no precise mathematical formula to be employed when balancing the relevant factors. As one Court of Appeals has noted, "'[w]eighing' and 'balancing' are words embodying metaphors which, if one is not careful, tend to induce a fatuous belief that some sort of scales or weighing machinery is available. Of course it is not. At best, the judge must guess, and we should accept his guess unless it is too wild." Ford Motor Co. v. Ryan, 182 F.2d 329, 331-32 (2d Cir. 1950). Hence, a district court enjoys "wide discretion" when deciding whether to grant a motion to transfer. E.g., Weber v. Coney,

---

[3] There is no dispute that the instant action "might have been brought" in the Western District of Wisconsin, insofar as Trek is headquartered there. See 15 Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3845 (2d ed. 1986) (noting that the phrase "might have been brought" in Section 1404(a) refers to districts where venue would be proper and where defendant would be subject to service of process and personal jurisdiction); see also 28 U.S.C. § 1391(a) (civil action may be venued in district where defendant resides).

642 F.2d 91, 93 (5th Cir. 1981) (*per curiam*); Culp v. Gainsco, Inc., No. 03-20854-CIV, 2004 WL 2300426, at *4 (S.D. Fla. Oct. 1, 2004).

Courts must be cognizant, however, that transfer motions "should not be freely granted." In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982), abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice, 919 F.2d 1306 (8th Cir. 1990). A "heavy" burden rests with the movant – here, Trek – to demonstrate why a motion to transfer venue should be granted. E.g., Integrated Molding Concepts, Inc. v. Stopol Auctions L.L.C., Civ. No. 06-5015, 2007 WL 2263927, at *5 (D. Minn. Aug. 6, 2007) (Schiltz, J., adopting Report & Recommendation of Erickson, M.J.); Radisson Hotels, Int'l v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996) (Kyle, J.). To do so, the movant must demonstrate that the relevant factors weigh "strongly" in its favor. Id.

## ANALYSIS

Cases discussing transfers under Section 1404(a) are legion, and it would be a fruitless exercise for the Court to attempt to catalog them all here. Nor could the Court persuasively distinguish all of the cases reaching the opposite result from that which it finds appropriate in this case. Suffice it to say, each party relies upon decisions that support its position. After balancing the relevant factors, however, the Court concludes that transfer is unwarranted.

First, as to the convenience of the parties, there can be little doubt that the District of Minnesota would be most convenient for LeMond Cycling and its principal, Greg LeMond, while the Western District of Wisconsin would be most convenient for Trek and

its employees. Yet, Section 1404(a) provides for transfer to a *more* convenient forum, not one that is equally convenient (or inconvenient) to the forum originally selected. See Prod. Fabricators, Inc. v. CIT Commc'ns Fin. Corp., Civ. No. 06-537, 2006 WL 2085413, at *5 (D. Minn. July 25, 2006) (Kyle, J.). Simply put, transfer should not be granted "if the effect is simply to shift the inconvenience" from one party to the other. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.). Moreover, although both parties are corporations, Trek is large – indeed, the United States' largest bicycle manufacturer, according to its website, see http://www.trekbikes.com/us/en/trek_life/news/article/792/2008/03/12/trek_mourns_the_ loss_of_its_founder_dick_burke (last visited May 27, 2008) – while LeMond Cycling is a far smaller company that employs only three people. (See LeMond Decl. ¶ 3.) "While not an overriding factor, the parties' relative financial ability to undertake a trial in any particular forum is a relevant consideration in determining the convenience of the parties." Sitrick v. FreeHand Sys., Inc., No. 02 C 1568, 2003 WL 1581741, at *2 (N.D. Ill. Mar. 27, 2003). Finally, although Trek correctly notes that a plaintiff's choice of forum "is no longer entitled to the great weight given it under the doctrine of *forum non conveniens*," Ahlstrom v. Clarent Corp., Civ. No. 02-780, 2002 WL 31856386, at *3 n.9 (D. Minn. Dec. 19, 2002) (Kyle, J.), it nevertheless remains an "important" factor. Multi-Tech Sys., Inc. v. Net2Phone, Inc., Civ. No. 00-364, 2000 WL 34494824, at *7 (D. Minn. June 26, 2000) (Montgomery, J.). On balance, therefore, the convenience-of-parties factor clearly favors retaining the instant dispute here.

Second, as to the convenience of witnesses, Trek points to a plethora of persons – including its President, Director of Product Marketing, National Sales Manager, Product Manager, International Sales Manager, Vice President of Finance, and others (Def. Mem. at 7-8) – who it asserts would be burdened by traveling to this district in order to testify at trial. Certainly, if all of these individuals are in fact required to testify, it would be somewhat disruptive to Trek's business.[4] This is not a case, however, in which the two fora are separated by thousands of miles. Madison (the location of the Western District of Wisconsin courthouse) and St. Paul (where the undersigned is chambered), though perhaps not "close," are in adjacent states and judicial districts, and it is a relatively short, "enjoyable and scenic drive" across Interstate 94 from one to the other, or a quick flight between them via the major international airport in the Twin Cities. Walter Oil & Gas Corp. v. Teekay Shipping, 270 F. Supp. 2d 855, 861 (S.D. Tex. 2003); see also Progressive Plastics, Inc. v. Nat'l Liquid Packaging, LLC, No. 1:07 CV 47, 2007 WL 593555, at *2 (N.D. Ohio Feb. 21, 2007) (noting proximity between Cleveland and Chicago in denying motion to transfer); Leesona Corp. v. Duplan Corp., 317 F. Supp. 290, 300 (D.R.I. 1970) (denying motion to transfer from Rhode Island to New York based on witnesses having to travel 200 miles). Were the case to remain here, it is not as if Trek or its witnesses would be "consigned to the wastelands of Siberia." Jarvis Christian Coll.

---

[4] The fact that Trek has identified numerous individuals it allegedly will call at trial, while LeMond Cycling has not identified any, is not dispositive. See, e.g., Gardipee v. Petroleum Helicopters, Inc., 49 F. Supp. 2d 925, 929 n.3 (E.D. Tex. 1999) (courts should be "[c]ognizant that motions to transfer venue should not turn solely upon . . . which [party] can disclose a longer list of possible witnesses").

6

v. Exxon Corp., 845 F.2d 523, 528 (5th Cir. 1988); accord Cont'l Airlines, Inc. v. Am. Airlines, Inc., 805 F. Supp. 1392, 1397 (S.D. Tex. 1992) ("it is not as if the key witnesses will be asked to travel to the wilds of Alaska or the furthest reaches [of] the Continental United States").

More importantly, however, the inconvenience caused to Trek employees is not the Court's paramount concern – rather, the focus is on the inconvenience caused to *non-party* witnesses, because "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." FUL Inc. v. Unified Sch. Dist. No. 204, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993); accord Cont'l Airlines, 805 F. Supp. at 1397. The vast majority of the witnesses Trek has identified are officers and other senior-level employees of the company. While it also asserts that "it may need to call former employees who reside in Wisconsin and who dealt with LeMond" (Def. Mem. at 8), it conceded at oral argument that such individuals, in all likelihood, would be just as willing as current employees to travel to Minnesota to testify. For these reasons, the convenience-of-witnesses factor favors transfer, but only slightly.

Finally, as to the interests of justice, courts consider a myriad of factors, most of which neither party has addressed because they are of little import here: judicial economy, docket congestion, each party's ability to enforce a judgment, obstacles to a fair trial, conflict-of-law issues, each court's relative familiarity with the applicable law, and the desire to avoid multiplicity of litigation. Integrated Molding, 2007 WL 2263927, at *9; Prod. Fabricators, 2006 WL 2085413, at *3. Trek argues that the sublicense

agreement is governed by Wisconsin law (see Def. Mem. at 9), but that is not altogether clear – the agreement contains no choice-of-law clause, it is by and between Minnesota and Wisconsin companies, and it concerns the manufacture, sale, and promotion of LeMond-branded bicycles on a national and international basis. (See Salveson Decl. Ex. 1.) In any event, even were Wisconsin law to control, that fact would pose little impediment to resolving the parties' dispute in this Court: "federal courts are often called upon [to] apply the law of other states." Sovereign Bank, F.S.B. v. Chicago Title Ins. Co., No. Civ. A. 00-596, 2000 WL 1308796, at *2 (E.D. Pa. Sept. 14, 2000).

Trek also argues that judicial economy and increased efficiency militate in favor of transfer because this action, once transferred, could be consolidated with the Wisconsin Action. (Def. Mem. at 9.) The prospect of duplicated effort has reared its head, however, only because *Trek* chose to commence the Wisconsin Action instead of resolving the parties' dispute here. Moreover, Trek can avoid any duplication of effort by simply consenting to the transfer of the Wisconsin Action to this Court or by dismissing the Wisconsin Action without prejudice. And, even if Trek declined to do so, there is no reason why discovery used in this case could not be used in the Wisconsin Action, and vice versa.

Finally, although Trek goes to great lengths to deny it, the commencement of the Wisconsin Action suggests forum shopping. It appears that Trek filed that action as a preemptive strike, in order to obtain a more convenient forum for the parties' dispute and to put a favorable spin on it for the press. Indeed, Trek invited the press to a meeting at

its headquarters concerning the commencement of the Wisconsin Action *before* the instant case was filed in Hennepin County District Court and, hence, became public knowledge. (See Rahne Decl. Exs. 1-2.) In the Court's view, these facts demonstrate that the interests-of-justice factor weighs against transfer.

When all three pertinent factors discussed above are balanced, they weigh in LeMond Cycling's favor or, at most, are in equipoise. Because they do not "strongly" favor Trek, it has failed to satisfy its "heavy" burden of demonstrating that transfer is warranted. Radisson Hotels, 931 F. Supp. at 641. Accordingly, its Motion will be denied.

## CONCLUSION

"In many cases involving a proposed change of venue, there are factors [that] support each side. That is true here. There will be some inconvenience to someone no matter where this action is prosecuted." Ahern v. N. Techs. Int'l Corp., 206 F. Supp. 2d 418, 422 (N.D.N.Y. 2002). For the reasons set forth above, Trek has failed to demonstrate that the Western District of Wisconsin is a more convenient forum for the case *sub judice*.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Trek's Motion to Transfer (Doc. No. 3) is **DENIED**.

Dated: May 29, 2008
                                                                                       s/Richard H. Kyle
                                                                                       RICHARD H. KYLE
                                                                                       United States District Judge