UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| LEMOND CYCLING INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-1010 (RHK/JSM) |
| ) | |
| TREK BICYCLE CORP., ) | |
| ) | **TREK BICYCLE CORPORATION'S** |
| Defendant. ) | **MEMORANDUM IN SUPPORT OF** |
| _____ ) | **ITS MOTION TO CONSOLIDATE** |
| TREK BICYCLE CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-2440 (RHK/JSM) |
| ) | |
| LEMOND CYCLING INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

Trek Bicycle Corporation ("Trek") has moved, pursuant to Federal Rule of Civil Procedure 42(a), for an order consolidating the above actions, *Trek Bicycle Corporation v. LeMond Cycling, Inc*., Case No. 08-CV-2440 (RHK/JSM) (the "Trek Case") with *LeMond Cycling, Inc. v. Trek Bicycle Corporation*, Case No. 08-CV-1010 (RHK/JSM) (the "LeMond Case"), before the Honorable Richard H. Kyle. Both cases are now before the Court, following Trek's consent to transfer the case it had filed in the United States District Court, Western District of Wisconsin.

Consolidation is warranted pursuant to Federal Rule of Civil Procedure 42 because these cases involve common issues of law and fact and consolidation would conserve resources.

1.  The Court may consolidate cases when "actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a); *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) ("All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay[.]").

2.  These cases involve common questions of both law and fact. Both cases center on the parties' contractual relationship, namely the License Agreement regarding LeMond-branded bicycle products. The LeMond Case seeks declaratory judgment that it has not breached the contract and an injunction from the Court requiring specific performance by Trek of the contract, as well as a claim for damages for breach of contract for Trek's alleged failure to comply with the "best efforts" clause. The Trek Case seeks declaratory judgment that it did not breach the best efforts clause and that it may terminate the agreement due, inter alia, to LeMond's breach of the agreement. Therefore, the causes of action in both cases will involve common issues of contract law as well as discovery and evaluation of substantially the same underlying facts. In addition, both parties seek a jury trial. Discovery and trial will involve many of the same witnesses.

3. Finally, consolidation will avoid unnecessary costs and duplication of effort for both the court system and the parties. The management of neither case will be prejudiced since discovery has not taken place on either case to date.

4. For the reasons set forth above, Trek respectfully requests that the Court order that the Trek Case (Case No. 08-CV-2440 (RHK/JSM)) be consolidated with the LeMond Case (Case No. 08-CV-1010 (RHK/JSM)), before the Honorable Richard H. Kyle.

Dated this 20th day of June, 2008.

        HALLELAND LEWIS NILAN & JOHNSON, P.A.

        By:\_\_\_/s Erik T. Salveson_____
           Erik T. Salveson (Reg. No. 177969)
           Amanda M. Cialkowski (Reg. No. 306514)
           Benjamin J. Rolf (Reg. No. 386413)
        600 U.S. Bank Plaza South
        220 South Sixth Street
        Minneapolis, MN 55402
        Telephone (612) 338-1838
        Fax: (612) 338-7858

        <u>COUNSEL ADMITTED PRO HAC VICE</u>
        Ralph A. Weber (State Bar No. 1001563)
        Christopher P. Dombrowicki (State Bar No. 1041764)
        Kristal S. Stippich (State Bar No. 1061028)
        GASS WEBER MULLINS LLC
        309 North Water Street, Suite 700
        Milwaukee, WI 53202
        Telephone: (414) 223-3300
        Fax: (414) 224-6116
        Email: weber@gasswebermullins.com
                dombrowicki@gasswebermullins.com
                stippich@gasswebermullins.com