# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

LeMond Cycling, Inc.,

                       Plaintiff,

                                            Civ. No. 08-1010 (RHK/JSM)
                                          **ORDER**

v.

Trek Bicycle Corporation*,*

                       Defendant.

---

In this action, Plaintiff LeMond Cycling, Inc. ("LeMond Cycling") has sued Defendant Trek Bicycle Corporation ("Trek"), alleging *inter alia* that Trek breached the terms of a license agreement between the parties. Presently before the Court is the third-party Motion of Jonathan Lee Riches, *pro se*, to Intervene in this action (Doc. No. 34).[1] Riches, an inmate at FCI-Williamsburg in Salters, South Carolina, alleges that he and other inmates at FCI-Williamsburg manufacture bicycles bearing the picture of Greg LeMond, a famous bicycle racer who is the principal of LeMond Cycling. Riches alleges that he is paid only 12 cents per hour for his work, in violation of Minnesota labor law, and that the bicycles produced at FCI-Williamsburg are sent to Iran, in violation of the "Trading with Enemy Act." Riches also alleges that LeMond told him that he used performance-enhancing drugs while racing in the Tour de France, and as a result he also seeks to assert a claim under "the whistleblowing act."

---

[1] The Motion is styled as "Motion for Reconsideration & Clarification; Motion to Intervene as Defendant Under Fed. R. Civ. P. rule [*sic*] 24(a)(2), 24(b); Motion to Amend Complaint."

Federal Rule of Civil Procedure 24 sets forth two types of intervention: intervention of right and permissive intervention. The former is appropriate where there exists a statutory right to intervene or where the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(1)-(2). The latter is appropriate where the proposed intervenor is given a conditional right to intervene by statute or where he has a claim or defense "that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). Here, Riches has not identified any federal statute creating a right of intervention, and his claims stand alone, completely divorced from those at issue in this litigation. Accordingly, intervention is improper under Federal Rule of Civil Procedure 24.

For these reasons, Riches's Motion to Intervene in this action (Doc. No. 34) is **DENIED**.

Dated: July 29, 2008
s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge