

# UNITED STATES DISTRICT COURT
## District of Minnesota

Richard D. Sletten, Clerk
Wendy S. Osterberg, Chief Deputy Clerk

| 700 Federal Building | 202 U.S. Courthouse | 417 Federal Building | 212 U.S. Courthouse |
|---|---|---|---|
| 316 North Robert Street | 300 South Fourth Street | 515 West First Street | 118 South Mill Street |
| St. Paul, MN  55101 | Minneapolis, MN 55415 | Duluth, MN 55802 | Fergus Falls, MN  56537 |
| (651) 848-1100 | (612) 664-5000 | (218) 529-3500 | (218) 739-5758 |

September 3, 2008

Jonathan Lee Riches  40948-018
FCI
PO Box 340
Salters SC  29590

RE:    Notice of Appeal 08cv1010 RHK/JSM


Dear   Jonathan Lee Riches:

Your notice of appeal in the above matter was filed on   9/2/08.                   However, your appeal may be summarily dismissed unless you either (a) pay the full $455 filing fee, or (b) apply for leave to proceed in forma pauperis ("IFP"), within thirty (30) days after the date of this letter.

You may seek leave to proceed IFP only if you are unable to pay the $455 filing fee because you are indigent.  If you choose to apply for IFP status, you must complete and file the enclosed application form within thirty (30) days after the date of this letter.

Because you are a prisoner, your IFP application must include certain information regarding your prisoner trust account activities during the past six months.  (See 28 U.S.C. § 1915(a)(2).)  The required trust account information should be provided in the "CERTIFICATE" portion of the IFP application, which must be completed and signed by an authorized prison official.

As you may know, the Prison Litigation Reform Act of 1995, ("PLRA"), requires that all prisoners who file an appeal in a civil action, (such as yours), must pay the full amount of the $455 filing fee.  Even if you are granted IFP status, you will not be excused from paying the statutory filing fee.  If your IFP application is granted, that simply means that you will not have to pay the full filing fee in advance, but you will be allowed to instead pay the filing fee in installments.

If the certified trust account information submitted with your IFP application shows that you have had any balance in, or deposits to, your prison trust account during the preceding six months, you will have to pay an initial partial filing fee before your appeal can go forward.  The amount of that initial partial filing fee will be twenty percent (20%) of the greater of (A) the average monthly deposits to your account, or (B) the average monthly balance in your account, during the six-month period immediately preceding the filing of the appeal.  (See 28 U.S.C. § 1915(b)(1).)  To expedite the processing of your appeal, the correct amount of the initial partial filing fee should be tendered with, or immediately after, your IFP application.  You will be

Dockets.Justia.com

excused from paying an initial partial filing fee only if your certified trust account information shows that you are wholly destitute, i.e., that you have "no assets and no means."  (See 28 U.S.C. § 1915(b)(4).)

If you are granted IFP status, the unpaid balance of the filing fee, (i.e., the $455 filing fee minus the amount you have paid as your initial partial filing fee), will have to be paid in monthly installments.  The amount of your monthly installments will be twenty percent (20%) of the preceding month's income credited to your trust account.  (See 28 U.S.C. § 1915(b)(1).)

Finally, you should note that your IFP application may be denied even if you demonstrate that you are truly indigent.  The statutes provide that IFP status may be denied if the district court determines that your appeal is not taken in good faith.  (See 28 U.S.C. § 1915(b)(3).)  In that event, you will have to pay the full filing fee immediately, unless the Court of Appeals grants permission to proceed IFP, notwithstanding the district court's ruling.

Once again, if you do not submit either $455 filing fee or a properly completed IFP application within thirty (30) days after the date of this letter, your appeal will thereafter be subject to immediate dismissal by the Court of Appeals.


Sincerely,

RICHARD D. SLETTEN, CLERK


By:    Vickie
       Deputy Clerk

cc:    Court File