UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEMOND CYCLING, INC.,

    Plaintiff,

v.

TREK BICYCLE CORPORATION,

    Defendant and Third-Party Plaintiff,

v.

GREG LEMOND,

    Third-Party Defendant.

Case No. 08-CV-1010 (RHK-JSM)

**TREK'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RULE 37 CONFERENCE**

Defendant and Third-Party Plaintiff Trek Bicycle Corporation ("Trek") has moved, pursuant to Federal Rule of Civil Procedure 37(a)(1), and Local Rule 37.1, for an order compelling LeMond Cycling, Inc.'s counsel to confer with Trek's counsel in an effort to resolve their discovery disputes without Court action.

**Argument**

The Federal Rules of Civil Procedure and the Local Rules require that a party confer or attempt to confer with the other party to resolve discovery disputes prior seeking Court involvement. Fed. R. Civ. P. 37(a)(1); D. Minn. L.R. 37.1; *see also* E.D. Wis. Civil L.R. 37.1 ("All motions for discovery … must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their

differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.").

Although use of letters to follow-up the parties' sincere attempts to resolve discovery disputes is par for the course, counsel's experience is that the meat of the "confer" requirement is that the parties talk in person or via telephone. That has not happened in this case:

> A. Failure to Confer Telephonically Regarding Discovery Matters, Including Plaintiff's Issues With Trek's Production.
>
>> 1. On October 3, 2008, just over a week after it filed its Rule 26 disclosures, Trek produced nearly 9,463 documents in compliance with its Rule 26 disclosure requirements and in response to Plaintiff's First Set of Discovery requests. (Decl. of Ralph A. Weber, ¶ 1, Exh. 1)
>>
>> 2. On October 21 and November 3, Trek's counsel attempted to confer by telephone with Plaintiff's counsel regarding discovery matters. (*Id*., ¶ 2-4, Exhs. 2-4)
>>
>> 3. On November 4, Trek's counsel gave Plaintiff's counsel an explicit and open invitation to discuss discovery disputes by phone. (*Id*., ¶ 5, Exh. 5) ("Please feel free to call me to discuss discovery matters, which is why I have been trying to reach you by phone.")

4. On November 14, Ms. Rahne subsequently wrote a letter concerning what she described as "initial deficiencies" in Trek's production and asked that Trek "supplement Trek's production or provide an explanation as to why Trek is unwilling to do so." (*Id*., ¶ 6, Exh. 6).

5. On November 19, Trek's counsel wrote that he was working on a response to the November 14 letter and noted that he had left a voicemail regarding depositions of Greg and Kathy LeMond. (*Id*., ¶ 7, Exh. 7)

6. On November 21 in a letter, Plaintiff's counsel, Ms. Rahne, acknowledged receipt of Mr. Weber's voice message. (*Id*., ¶ 8, Exh. 8)

7. On Wednesday, December 3, Ms. Rahne wrote a letter regarding discovery issues. She stated: "Before we notice of the depositions of additional Trek employees, we are awaiting either your supplemental production or an explanation as to Trek's refusal to provide the same. If we have not received your response by the end of this week, we will move to compel on this issue." (*Id*., ¶ 9, Exh. 9)

8. Trek's counsel wrote Ms. Rahne on December 4, informing her that "We have been working on and are finalizing a supplemental Trek document production and privilege log.

We plan to work through the weekend to finish this, and plan to send the materials by overnight delivery for your receipt on Tuesday. (*Id.*, ¶ 10, Exh. 10)

9. In response to the discovery issues raised in Ms. Rahne's November 14 letter, during the week of December 8, Trek provided a supplemental production of approximately 2420 pages and additional information requested. (*Id.*, ¶ 11-14, Exhs. 11-14)

    a. December 4 (color copies of Bates TREK 005302-006583);

    b. December 8 (an index of documents; TREK009464-11802; redaction log);

    c. December 9 (TREK0011803-11865)

    d. December 11 (additional documents and privilege log for fully withheld documents).

10. On December 9, Ms. Rahne wrote stating she had "received Trek's supplemental production and are in the process of reviewing it in light of previously noted concerns. *I will be in touch once that review is complete*." (*Id.*, ¶ 15, Exh. 15) (emphasis supplied).

11. Instead of contacting Trek, however, Ms. Rahne filed a motion to compel on December 18.

12. Plaintiff's counsel made no attempt to confer with Trek's counsel at any time between December 9 and December 18 about whether any of the November 14 letter concerns had been fulfilled by Trek's productions, despite writing to Trek's counsel regarding issues related to LeMond's December 15 deposition. (*Id.*, ¶ 16, Exh. 16)

13. On December 18, the same day they filed a motion to compel, Ms. Rahne sent a letter to Trek's counsel now describing her December 3 letter as requiring a "substantive" response to discovery issues in addition to a supplemental production. "I followed up on December 3 and requested a substantive response as to Trek's position on a number of discovery matters and received no response – only a supplemental production without an explanation of how it related to the deficiencies in my letter of November 14." (*Id.*, ¶ 17, Exh. 17) She proceeded to state without specifying any particular deficiency, that "those deficiencies have not been rectified. We have no choice but to file a motion to compel on these discovery issues." (*Id.*)

14. On December 19, Mr. Weber wrote a letter trying to initiate a Rule 37 meet and confer by phone or in person regarding Plaintiff's discovery issues and expressed how, based on her

December 9 letter, he was waiting for her to contact him after her review of Trek's documents. He then proceeded to address each issue raised in her November 14 letter and how it was addressed by Trek's productions or logs. (*Id*., ¶ 18, Exh. 18)

15. Ms. Rahne responded by letter on December 22 but did not address Trek's December 19 responses to Plaintiff's November 14 letter or whether a meet and confer would be productive as to those issues. (*Id*., ¶ 19, Exh. 19)

16. Mr. Weber followed up by letter the next day stating he was available that day to discuss "any of our discovery issues by phone." (*Id*., ¶ 20, Exh. 20)

17. On December 23, Ms. Rahne wrote a letter, which, in part, attempted to justify the filing of the motion to compel on Plaintiff's issues. She claimed that the letters of November 14 and December 3 (contrary to their plain wording) required a "substantive response", and that lacking such response, there would be a motion to compel. Again, she failed to mention her December 9 letter where she said she would contact Trek regarding the issues once the review was complete. (*Id*., ¶ 21, Exh. 21)

B. Failure to Confer Telephonically Regarding Trek's Issues with LeMond Cycling's Discovery Responses and Productions.

1. On December 19, 2008, Mr. Weber wrote to Ms. Rahne to initiate a Rule 37.1 meet and confer regarding deficiencies with respect to Plaintiff's discovery responses and production. (*Id.*, ¶ 22, Exh. 22)

2. Ms. Rahne responded by letter on December 22 stating she did not believe such a conference would be productive because the topics were many and some related to deposition testimony provided by Mr. LeMond to which the transcript was not yet available and that she would provide a substantive response. (*Id.*, ¶ 19, Exh. 19)

3. Mr. Weber followed up by letter the next day stating he was available that day to discuss "any of our discovery issues by phone." (*Id.*, ¶ 20, Exh. 20)

4. On December 23, Ms. Rahne wrote a letter responding to some of the deficiencies raised by Trek's counsel. (*Id.*, ¶ 21, Exh. 21)

5. Plaintiff's counsel's December 23 letter does not satisfy most of the issues raised by Trek's counsel, upon which Trek's counsel has sought to have a meet and confer.

Because it is evident from the pattern of Plaintiff's counsel that they are not interested in a meaningful Rule 37 conference and instead want to involve the Court at this early date in the discovery process, Trek moves to have the Court compel a Rule 37 conference to have the parties discuss and resolve Plaintiff's issues with Trek's discovery responses and Trek's issues with Plaintiff's discovery responses.

In the alternative, Trek makes its own motion, under separate cover, to compel discovery responses and production of documents as set forth in that motion.

Dated: December 31, 2008  GASS WEBER MULLINS LLC

By: s/ Ralph A. Weber
   Ralph A. Weber (SBN 1001563)
   Christopher P. Dombrowicki (SBN 1041764)
   Kristal S. Stippich (SBN 1061028)
309 North Water Street, Suite 700
Milwaukee, WI 53202
Telephone: (414) 223-3300
Fax: (414) 224-6116
weber@gasswebermullins.com
dombrowicki@gasswebermullins.com
stippich@gasswebermullins.com

HALLELAND LEWIS NILAN & JOHNSON, P.A.
Erik T. Salveson (Reg. No. 177969)
Amanda M. Cialkowski (Reg. No. 306514)
Benjamin J. Rolf (Reg. No. 386413)
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Telephone (612) 338-1838
esalveson@halleland.com

acialkowski@halleland.com
brolf@hal1eland.com

ATTORNEYS FOR DEFENDANT AND
THIRD-PARTY PLAINTIFF TREK BICYCLE
CORPORATION