UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEMOND CYCLING, INC., | |
| Plaintiff, | Case No. 08-CV-1010 (RHK-JSM) |
| v. | |
| TREK BICYCLE CORPORATION, | **TREK'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| GREG LEMOND, | |
| Third-Party Defendant. | |

Defendant and Third-Party Plaintiff Trek Bicycle Corporation ("Trek")
provides this memorandum in support of its motion for an order compelling
Plaintiff LeMond Cycling, Inc. to answer interrogatories and produce documents.

### Introduction

This litigation is pending before the Court concerning the parties' business
relationship, which involved the domestic and international licensing and sale of
LeMond-branded products. Plaintiff served discovery requests in August 2008 to
which Trek timely responded on September 22, 2008. Beginning just over a week
later on October 3, Trek, pursuant to Trek's Rule 26 disclosure obligations and in
response to Plaintiff's discovery requests, produced nearly 12,000 documents over
the short span of approximately two months.

After Trek produced 9463 pages of documents on October 3, Plaintiff wrote a letter on November 14 concerning what Plaintiff described as "initial deficiencies" in Trek's production and asked that Trek "supplement Trek's production *or* provide an explanation as to why Trek is unwilling to do so." (Decl. of Ralph A. Weber, ¶ 1, Exh. 1) (emphasis supplied)  Trek produced approximately 2400 additional pages of documents the week of December 8.  In reply, on December 9, Plaintiff's counsel wrote that they had received Trek's recent supplemental production and were "in the process of reviewing it in light of previously noted concerns" and would "be in touch once that review was complete."  (*Id.*, ¶ 2, Exh. 2)  Despite being together for Mr. LeMond's deposition on December 15, Plaintiff's counsel did not contact Trek to discuss any concerns with Trek's productions other than to serve a motion to compel on December 18, 2008.

Meanwhile, Plaintiff has failed to provide responsive answers to interrogatories and produce documents in response to numerous basic discovery requests by Trek.  Plaintiff has also failed to return Trek's phone calls and respond to Trek's other attempts to obtain the information.  Trek regrets having to trouble the Court.

## Background

Trek served 9 interrogatories and 26 requests for production of documents on plaintiffs on September 5, 2008.  (*Id.*, ¶ 3, Exh. 3)  The interrogatories sought discovery of basic information about the facts of the case designed, in large part,

to assist Trek in its investigation of the claims and defenses in this case—a case that involves a business relationship that began in 1995 and spanned well over a decade. Specifically, on June 29, 1995, Trek, LeMond, and LeMond Cycling entered into a Sublicense Agreement whereby LeMond Cycling, as the licensee of Greg LeMond, granted Trek an exclusive sublicense to sell cycling products bearing the LeMond trademarks ("the Sublicense Agreement"). LeMond elected to sublicense his brand to Trek after his unsuccessful efforts to build and sell bicycles with other business partners.

Pursuant to the Sublicense Agreement, LeMond Cycling and Greg LeMond personally undertook a number of obligations with respect to the development and marketing of Trek products to be marketed and sold under the LeMond brand. Trek, LeMond Cycling, and LeMond entered into this Sublicense Agreement for the express, mutually beneficial purpose of enhancing both the Trek and the LeMond brands. LeMond agreed to personally perform all of the services required of LeMond Cycling under the Sublicense Agreement. Trek, LeMond Cycling and LeMond agreed to invest in the success of their own and each other's brand, to act conscientiously, professionally, reasonably, and in good faith in pursuit of this contractual endeavor, and to refrain from engaging in any conduct detrimental to this endeavor. As a signature-line product—bearing the name of LeMond—the success of the LeMond brand and Trek's efforts to market LeMond-branded bicycles depends upon continued public admiration for LeMond. (*Id.*, ¶ 4, Exh. 4)

Contrary to LeMond's contractual promises and Trek's corresponding, contractual expectations, LeMond has repeatedly damaged Trek's brand, goodwill, and business including by incurring intense negative consumer feedback due to his disparagement and public attacks of Lance Armstrong and other athletes; entering into a business arrangement with a mass merchandiser (Target), contrary to his brand's niche with Independent Bicycle Dealers; and violating exclusive distribution rights by reselling or bartering for value bicycles he received at employee pricing as a courtesy to a valued brand personality. As evidence of the harm he did to his brand name, despite repeated attempts, Greg LeMond was unable to find a business partner who wanted to take on his damaged brand. (*See generally, id*.)

Trek's interrogatories sought information concerning: (1) business entities in which LeMond Cycling or Greg LeMond has had an ownership interest; (2) employees, agents, representatives, independent contractors who worked closely with LeMond Cycling or Greg LeMond in their business activities; (3) gross earnings of the businesses; (4) secret recordings of conversations that LeMond Cycling or Greg LeMond or anyone acting on their behalf had with Trek's President, John Burke, or anyone else regarding any issue raised in LeMond Cycling's complaint or answer; (5) lawsuits or arbitrations in which LeMond Cycling or Greg LeMond was a party; (6) persons or companies who were involved in efforts to find individuals or entities to manufacture and sell LeMond-branded products; (7) the Internet Service Providers (ISPs), servers that

hosted websites for LeMond Cycling or Greg LeMond or any business entity of theirs, email addresses, URL addresses, domain names for them; and (8) actions taken to preserve or dispose of documents. (*See generally* Exh. 3)

In addition to documents relating to the interrogatories, the document requests sought similarly basic information including: (1) communications with Trek; (2) performance of Trek's duties under the sublicense agreement; (3) performance of Greg LeMond's and LeMond Cycling's duties under the sublicense agreement; (4) the PTI/Target (mass merchandiser) matter; (5) Greg LeMond's personal appearances on behalf of Trek; (6) bicycles purchased from Trek; (7) Greg LeMond's statements regarding Lance Armstrong; (8) responses or reactions to his statements about Lance Armstrong; (9) witness identified by LeMond in Rule 26 disclosures; (10) claimed damages; (11) tax returns; (12) financial statements; and (13) contracts with their agents, independent contractors, employees, or representatives. (*Id.*)

Plaintiff's response on October 8, 2008 and subsequent document productions were incomplete. As a result, by letter dated December 19, 2008, Trek's counsel wrote to initiate a Rule 37.1 meet and confer and informed Plaintiff's counsel of the deficiencies with each separate discovery request, and requested a time on December 22 during which Plaintiff's counsel would be available to discuss the deficiencies. (*Id.*, ¶ 5, Exh. 5)

Plaintiff's counsel declined to have a phone conversation. (*Id.*, ¶ 6, Exh. 6) Plaintiff's counsel answered by letter on December 23, with largely nonresponsive, incomplete or evasive answers. (*Id.*, ¶ 7, Exh. 7)

## Argument

Pursuant to Federal Rule of Civil Procedure 26, discovery may be had of any nonprivileged matter that is relevant to any party's claim or defense, and the relevant information need not be admissible at trial if the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevance in discovery is defined broadly. *E.g., Minnesota Specialty Crops, Inc. v. Minnesota Wild Hockey Club, L.P.*, 210 F.R.D. 673, 675 (D. Minn. 2002) ("Generally, discovery may inquire into all information, not otherwise privileged, that is relevant to the subject matter of the action, provided that it is reasonably calculated to lead to the discovery of admissible evidence."); *Walker v. Northwest Airlines Corp.*, No. Civ. 00-2604 MJD/JGL, 2002 WL 32539635 at *1 (D. Minn., Oct. 28, 2002) ("In the context of discovery, 'relevant' has been defined as encompassing 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' ") (quoting *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Furthermore, in responding to discovery requests, parties must make a reasonable inquiry concerning the information sought and must answer with any and all information available to them. *See, e.g.,* Fed. R. Civ. P. 26(g).

The deficiencies in Plaintiff's responses are as follows:

(A) <u>INTERROGATORY NO. 1</u>:
Identify all business entities in which either LeMond or Greg LeMond has had an ownership interest since 1985, including the name of the business entity, address, and a description of the entity's business activities.

<u>ANSWER</u>:
LeMond incorporates by reference its General Objections. LeMond objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, LeMond has an ownership interest in the following cycling-related businesses:

LeMond Fitness, Inc.
[address omitted herein]
Description: Produce and sell fitness equipment to the home and commercial health club markets.

Wayzata, Inc.
[address omitted herein]
Description: Develop and license innovative, high-end racing cycles.

LeMond Cycling, Inc.
[address omitted herein]
Description: Develop and license a brand of innovative, high-end racing cycles.

LeMond Team Sports, Inc.
[address omitted herein]
Description: currently inactive corporation.

DeFeet International
[address omitted herein]
Description: Develop and sell athletic socks.

In her December 23 letter, Plaintiff's counsel explained it was their position that only entities related to the cycling industry are relevant to this litigation. (*See* Exh. 7) That is not the case, however. The information is relevant as evidence

concerning Greg LeMond's conduct as a businessperson. His treatment of his business colleagues is central to this case and goes beyond the bike industry. Trek anticipates obtaining admissible evidence from his other business colleagues and partners.

Moreover, while Plaintiff objected in its response claiming the request was burdensome and overbroad, Plaintiff did not explain these objections other than in terms of relevance. In her December 23 letter, Ms. Rahne merely stated that Greg LeMond has engaged in "numerous non-cycling businesses since 1985 which are not remotely related to any market for bicycles or any of Trek's claims." (*Id.*) However, because all of Greg LeMond's and LeMond Cycling's businesses are relevant, the fact that they are "numerous" is not a reason not to list them. Plaintiff should be required to identify them as requested.

In addition, Plaintiff has failed to provide a description of LeMond Team Sports, Inc.'s business activities either in its discovery response or its December 23 letter. Plaintiff should be required to provide the description of LeMond Team Sports, Inc.'s business activities.

    (B)    <u>INTERROGATORY NO. 2</u>:
    Identify each person and company who have been compensated by LeMond or Greg LeMond in connection with LeMond's or Greg LeMond's business activities, including, but not limited to agents, representatives, independent contractors and employees.

ANSWER:
LeMond incorporates by reference its General Objections. LeMond objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. For these reasons, LeMond will not respond to Interrogatory No. 2.

REQUEST NO. 18:
All contracts between LeMond or Greg LeMond on the one hand, and any business agent, representative, independent contractor and employee on the other hand from 1995 through the present.

RESPONSE:
LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all contracts" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond also objects to the extent that this request seeks documents or information that are not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, LeMond will produce all non-privileged contracts relevant to LeMond or Greg LeMond's cycling business.

As is plain on the face of its answer, Plaintiff has refused to answer Interrogatory No. 2. Moreover, Plaintiff's counsel merely explains its refusal in its December 23 letter by stating that Interrogatory No. 2 like Interrogatory No. 1 asks for "similarly irrelevant information." (Exh. 7) However, identification of persons and companies compensated in connection with LeMond Cycling's and Greg LeMond's business activities, including employees, agents, representatives and independent contractors is basic discovery information. These are people and companies with whom Greg LeMond worked closely in his business affairs and

they will have admissible evidence in this case.  Plaintiff should be required to identify them as requested.

In their December 23 letter with respect to document request 18, Plaintiff's counsel stated they were willing to produce only contracts related to "cycling-related endeavors" and "are not willing to produce all documents with all 'business colleagues." (*Id.*)  However, as Trek explained in its letter of December 19 because Greg LeMond's dealings with his business colleagues are in issue, all contracts withheld should be produced.  (Exh. 5)  Likewise, because Greg LeMond claimed in his deposition to have added charges to bicycles to cover costs, the contracts with each person who handled bike transactions on his behalf should be produced.

(C)      INTERROGATORY NO. 3:
For LeMond and each entity identified in response to Interrogatory No. 1, state the gross earnings of the entity for the years 1999 through present.

ANSWER:
LeMond incorporates by reference its General Objections. LeMond objects to this interrogatory on the grounds that it is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, LeMond states that pursuant to Fed. R. Civ. P. 33(d) it will produce documents for LeMond Cycling, Inc. from which this answer can be ascertained.

Plaintiff's objection based on relevance fails for the same reason it did with respect to Interrogatory No. 1.  Plaintiff's answer is even more deficient in that it failed to provide gross earnings for the entities it did identify in response to Interrogatory No. 1, except LeMond Cycling, Inc. (the Plaintiff in this action).

Plaintiff cannot limit discovery to only the entities in this lawsuit. Trek is entitled

to broad discovery of information that "might reasonably assist" it in evaluating

the case. For example, Wayzata, Inc. is a developer of racing cycles and would

appear to be in competition with Trek's exclusive licensing rights. LeMond Team

Sports, Inc. (which Plaintiff failed to describe) could likewise be in competition

with Trek's rights.

Plaintiff's December 23 letter states that "[a]s LeMond Team Sports, Inc.

and Wayzata, Inc. are no longer active entities, we have not located any gross

earnings statements." (Exh. 7) Plaintiff is again attempting inappropriately to

limit discovery. Just because an entity is no longer active does not mean

documents regarding its gross earnings do not exist, especially when such records

are the type of documents that entities likely keep for tax purposes. Plaintiff

should be required to state whether these documents exist and if so, produce them.

Plaintiff also evades the issue by suggesting that Wayzata may be "merely a

predecessor company to LeMond Cycling, Inc., and as such, was never in

competition with any Agreements with Trek." The relevance of the information in

this case is not limited to competition—that is but one example of relevance.

Plaintiff should be required to fully answer Interrogatory No. 3.

      (D)    <u>INTERROGATORY NO. 4</u>:
            Did Greg LeMond or LeMond (or anyone acting for or with them)
            record (via electronic means, audio tape, video tape, or otherwise)
            any conversation between Greg LeMond and John Burke, or anyone
            else, relating to any issue raised in LeMond's complaint or answer?
            If so, identify the date of the communication, the parties who
            participated in or overheard the communication, the current location

of the recording and any copies, and whether the recording has been transcribed.

ANSWER:
Subject to and without waiving its General Objections, LeMond states that recordings and transcripts for various conversations related to this matter are in possession of counsel LeMond states that pursuant to Fed. R. Civ. P. 33(d) it will produce documents for LeMond Cycling, Inc. from which the dates of the conversations and participants in the conversations can be ascertained.

REQUEST NO. 16:
All audiotapes, electronic audio files, and transcripts of recorded communications identified in response to Interrogatory No.4.

RESPONSE:
LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections, LeMond will produce one copy of each recorded communication responsive to this request.

Greg LeMond named several persons he secretly taped: Stephanie McIlvain, Betsy Andreu, Dan Thornton, John Burke, Julian DeVries. (Weber Decl., ¶ 8) (Greg LeMond 12/15/08 Depo., 222-226)  Mr. LeMond also suggested there were many more he taped, *e.g.*, someone that "called out of the blue" that "he didn't know" (*id.*, 224:20-23), and Greg Strock or someone he called after watching a 60 Minutes show.  (*Id.*, 223-226)   He further made a very broad comment that "my career, was jeopardized by one sociopath, Mr. Armstrong, and John Burke went right along with it, and *from that point on, I taped everybody*."

(*Id.*, 153:16-22) (emphasis supplied). Again, he said "*from 2001 on, I taped everybody.*" (*Id.*, 155:8-9) (emphasis supplied).

Counsel only produced conversations with four people, not including Ms. Andreu and Mr. DeVries. In the December 23 letter, Plaintiff's counsel claims that "the recordings of Ms. Andreu … are subject to protection under the work product doctrine and are listed on LeMond Cycling's Privilege Log at LCI PRIV 00202-03."[1] (Exh. 8) It is not apparent how Mr. LeMond's secret taping of Ms. Andreu qualifies for work product protection. Plaintiff should be required to fully identify and produce each taped conversation in its possession or control or in its counsel's possession or control, or if it does not have the recording explain fully its location and what happened to it.

   (E)   INTERROGATORY NO. 5:
         Identify all lawsuits and arbitrations to which either LeMond or
         Greg LeMond is or was a party, including the caption, case number,
         jurisdiction, name of court, and date commenced.

         ANSWER:
         LeMond incorporates by reference its General Objections. LeMond
         objects to this interrogatory on the grounds that it is not relevant to
         the subject matter of this action and not reasonably calculated to lead
         to the discovery of admissible evidence. Subject to and without
         waiving the foregoing objections, LeMond identifies [list omitted
         herein]:

Because of Plaintiff's objections, Trek asked Plaintiff's counsel to answer whether there were other lawsuits that it did not identify in its responses. (*See*

---

[1] The log merely provides a bates range (LCI PRIV 00202-03) and that its author is Greg LeMond. There is no identification of what this bates range signifies (tapes, transcripts, etc.), there is no date, and there is no identification of the person(s) recorded or the subject matter other than that it is "Record of client investigation at the direction of counsel to identify potential witnesses." (Weber Decl., ¶ 8, Exh. 8)

Exh. 5)  Plaintiff's counsel did not answer this question in responding to Trek's

letter.  (*See* Exh. 7)  Plaintiff should be compelled to state whether there are any

other lawsuits or arbitrations in addition to those listed in its answer to

Interrogatory No. 5 and, if so, to identify them.

    (E)   INTERROGATORY NO. 6:

    Identify all agents or representatives, including their name, address, and telephone number, who acted on LeMond's or Greg LeMond's behalf in efforts to locate individuals or entities to manufacture, have manufactured, source, distribute or otherwise sell bicycles or bicycle related products bearing any of the LeMond trademarks.

    ANSWER:

    LeMond incorporates by reference its General Objections. LeMond further objects to this interrogatory as overbroad, since there is no defined relevant time period. Subject to and without waiving the foregoing objections, LeMond answers [list omitted herein]:

    INTERROGATORY NO. 7:

    For each bicycle or bicycle related product manufacturer, sourcing company, distributor, or seller, with whom LeMond, Greg LeMond, or any agent or representative or LeMond or Greg LeMond, at any time, discussed licensing the LeMond trademarks identify:

        (a) the name of the manufacturer;
        (b) the name, address, and telephone number of the individual(s) with whom LeMond, Greg LeMond or their agents or representatives communicated;

    ANSWER:

    LeMond incorporates by reference its General Objections. LeMond objects to this interrogatory on the grounds that it is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. LeMond further objects to this interrogatory as overbroad as to the relevant time period and as to the term "discussions." Subject to and without waiving the foregoing objections, LeMond identifies the following known sublicensing, licensing, and/or sponsorship agreements [list omitted herein]:

Plaintiff's documents and Greg LeMond himself identified others that were not included in the answers to Interrogatories Nos. 6 and 7 and therefore Trek requested Plaintiff's counsel to supplement their answer to identify all responsive persons and companies. Plaintiff's counsel did not respond to Trek's request to supplement these interrogatory responses other than to contend that because they did not have a copy of the deposition transcript to look at they could not "fairly review the testimony referenced in your letter and thoroughly address many of the issues you raise." (Exh. 7)

The information is relevant and it is not necessary to see the deposition transcript to know this. Plaintiff's counsel was at the deposition and Plaintiff had already produced a document with a Mr. "GB's"[2] name on it prior to the deposition. Yet, there was no mention of Mr. "GB" in their Interrogatory answers. Plaintiff's Interrogatory answers are thus incomplete and Plaintiff should be required to fully answer them and to fully identify Mr. "GB" and any other others that were omitted or which Plaintiff's counsel failed to identify.

     (F)   <u>INTERROGATORY NO. 8</u>:
Identify all Internet Service Providers or the location of all servers that now, or ever have, hosted a website for LeMond, Greg LeMond, or any entity identified in response to Interrogatory No.1, and all e-mail addresses, URL addresses, or domain names ever used by Greg LeMond, LeMond, or Kathy LeMond.

<u>ANSWER</u>:
LeMond incorporates by reference its General Objections. LeMond objects to this interrogatory on the grounds that it is not relevant to

---

[2] Mr. "GB" is not being named in full because plaintiff has assigned "Attorney's Eyes Only" protection to the document containing his identity.

the subject matter of this action and not reasonably calculated to lead
to the discovery of admissible evidence. LeMond further objects to
this
interrogatory as overbroad and unduly burdensome. Subject to and
without waiving the foregoing objections, LeMond answers' that the
following websites have been used by LeMond:
www.lemondfitness.com, www.lemondbikes.com,
www.greglemond.com.

At his deposition, Greg LeMond testified in response to a question about a

missing document, that "somebody hacked into my computer in February and

hacked into it again in October, and actually we have the FBI on it, and we're

trying to figure that out ourselves" and that he was "trying to figure out where all

my e-mails went." (G. LeMond Depo., 157:17-158:8)  He also testified that he

"had some death threats from some people, some crazy people, that we decided to

shut down." (*Id.*, 193:17-19; *see also* 194:19-20)  Given this testimony about

missing e-mails as a result of a computer hacker and shutting down of a website

due to consumer comments, Trek needs an answer to Interrogatory No. 8 so it can

follow up.  Furthermore, for Plaintiff to claim it could not answer because it did

not have Greg LeMond's deposition testimony skirts the issue as his counsel was

at the deposition.  Plaintiff should be ordered to provide all ISPs, server locations,

websites, e-mail addresses, URL addresses, domain names as requested in

Interrogatory No. 8.

    (G)    <u>INTERROGATORY NO. 9</u>:
        Describe in detail all actions LeMond or Greg LeMond have taken to
        preserve or dispose of documents relating in any way to the issues
        raised in LeMond's Complaint and Answer, the termination of the
        Sublicense Agreement, or the business relationship between
        LeMond and Trek, including but not limited to the retention or

disposal of computers used since 1995 by Greg LeMond, Kathy LeMond, LeMond, or any employee or representative of Greg LeMond or LeMond Cycling, Inc., including but not limited to Mary Haige.

<u>ANSWER</u>:
LeMond incorporates by reference its General Objections. LeMond objects to this interrogatory on the grounds that the phrases "[d]escribe in detail" and "relating in any way" are overbroad and vague. LeMond further objects on the grounds that the relevant time period of 1995 to the present is overbroad. LeMond Cycling also objects to the term "all actions" as vague and ambiguous, and to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond answers that LeMond has preserved all relevant hardcopy and electronic documents.

Greg LeMond stated: "I'm just trying to figure out where all my e-mails went" (*Id.*, 158:7-8); that he got emails at LeMond Fitness but does not know where they are (*id.*, 193: 1-4); and that he shut down his website in response to death threats (*id.*, 193:17-19). He further testified that he has a taped conversation with Mr. DeVries (*id.*, 222, 226), that "he will find it before the trial" (222:18-19), "it's got to be in my house" (*id.,* 222:20), and that "our last lawsuit, that's the one thing I absolutely wanted to find" (*id.*, 225:14-15). He further iterated that as to the taping of Betsy Andreu, he didn't know where it was and queried out loud: "Did we throw it out or is it home?" (*Id.*, 224:20-21) When pressed again, he said "Don't know. We probably threw it away." (*Id.*, 224:25) Although he followed later that he didn't know because his wife kept track of the tapes. (*Id.*, 225:8-9)

Given that Greg LeMond, the central figure for Plaintiff in this case, who was admittedly secretly taping persons (*e.g., id.,* 155:12-16 (LeMond admitted

lying to Stephanie McIlvain that she was not being taped)) and taping "everybody"

since 2001, *supra*, but who does not know whether certain tapes were destroyed or

preserved or if so where they are located, Plaintiff should be required to give more

than a generic answer "that LeMond has preserved all relevant hardcopy and

electronic documents."  Indeed, Mr. LeMond's answers appear contradictory to

this generic statement.  Therefore, this Court should order Plaintiff to immediately

and completely answer Interrogatory No. 9.

    (H)    <u>REQUEST NO. 1</u>:
All documents concerning oral or written communications with
Trek, and anyone acting on Trek's behalf from 1995 through the
present.

<u>RESPONSE</u>:
LeMond incorporates by reference its General Objections. LeMond
objects to this request to the extent that it calls for the production of
documents or information covered by the attorney-client or work-
product privileges. LeMond further objects to the term "all
documents" as vague and ambiguous and, to the extent such term is
given its broadest interpretation, LeMond objects that it is overbroad
and unduly burdensome. LeMond further objects on the grounds that
this request seeks documents or information that are not relevant to
the subject matter of this action and not reasonably calculated to lead
to the discovery of admissible evidence. LeMond objects on the
grounds that this request seeks documents or information from 13
years ago, such that it is overbroad and unduly burdensome.
LeMond also objects on the grounds that this request calls for
documents or information in Trek's possession. Subject to and
without waiving the foregoing objections, LeMond will produce all
non-privileged documents relevant to the causes of action in this
lawsuit that are responsive to this request.

<u>REQUEST NO. 2</u>:
All documents concerning Trek's performance of its duties under the
Sublicense Agreement (original and as amended).

<u>RESPONSE</u>:

18

LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond also objects to the extent that this request seeks documents that are in the possession of Trek. LeMond further objects to the term "concerning Trek's performance" as vague and ambiguous. Subject to and without waiving the foregoing objections, LeMond will produce all relevant, non-privileged documents responsive to this request.

REQUEST NO. 3:
All documents concerning Greg LeMond's and LeMond Cycling Inc.'s performance of their duties under the Sublicense Agreement (original and as amended).

RESPONSE:
LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond also objects to the extent that this request seeks documents or information that are not relevant to the subject matter of the action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, LeMond will produce all relevant, non-privileged documents responsive to this request.

In light of Plaintiff's numerous objections to these document requests, including irrelevance, Trek asked Plaintiff to clarify whether they had produced all non-privileged documents or whether they were withholding documents based on other grounds, such as irrelevance. (Exh. 5)  Plaintiff's follow up answer in the December 23 letter was just as unclear:  "subject to the objections in LeMond Cycling's responses, we believe we have produced all documents responsive to

these requests." (Exh. 7) Plaintiff should be required to state plainly whether they are withholding some documents based on irrelevance or other grounds.

    (I)    <u>REQUEST NO. 6</u>:
                All documents concerning bicycles purchased from Trek by Greg LeMond, LeMond Cycling, Inc. or any representative of either.

                <u>RESPONSE</u>:
                LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond also objects to the extent that this request seeks documents that are in the possession of Trek. Subject to and without waiving the foregoing objections, LeMond will produce all relevant, non-privileged documents responsive to this request.

Trek requested in its December 19 letter that Plaintiff produce all documents showing the accounting for the amounts collected regarding the bicycles transactions, including tax reporting. (Exh. 5) In this regard, Trek noted that Greg LeMond had testified at his deposition about fees added to cover "costs" associated the transactions. (*Id.*) Plaintiff's counsel failed to address any of the follow up requests that Trek made in its letter with respect to Request No. 6. Plaintiff should, therefore, be required to produce the accounting information and other information requested in Trek's 12/19/08 letter.

    (J)    <u>REQUEST NO.7</u>:
                All documents concerning Greg LeMond's statements about Lance Armstrong.

                <u>RESPONSE</u>:

LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond further objects on the grounds that this request is overbroad, vague, and ambiguous as to time. Subject to and without waiving the foregoing objections, LeMond will produce all relevant, non-privileged documents responsive to this request.

As noted in Trek's December 19 letter, Plaintiff's production did not contain articles in which Greg LeMond commented about Mr. Armstrong, which are highly relevant to the public perception of Mr. LeMond and his brand image. Plaintiff should be required to state whether they have them, and if so, to produce them.

(K)    REQUEST NO.9:
All documents concerning John Burke, Aaron Mock, Joseph Siefkes, Elisabeth Huber, Lance Armstrong, Betsy Andreu, Frankie Andreu, David Walsh, Bill Stapleton, and Tim Herman.

RESPONSE:
LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond further objects on the grounds that this request is overbroad, vague, and ambiguous as to time and scope. Subject to and without waiving the foregoing objections, LeMond will work with Trek to narrow the scope of this request so that LeMond may produce all relevant, non-privileged documents responsive to this request.

In its Rule 26 Disclosures, Plaintiff listed each one of these individuals—as likely having information to support its claims and defenses and described the subject areas of the information. (Weber Decl., ¶ 9, Exh. 9) Greg LeMond also talked about each one in his deposition. To claim in its discovery response (and reiterate the same objections/response in its December 23 letter) that it was not going to produce documents until it "work[ed] with Trek to narrow the scope" is appears to be a delay tactic. Plaintiff should be immediately required to produce all documents concerning these individuals requested in Request No. 9.

      (L)    <u>REQUEST NO. 11</u>:
                All documents concerning plaintiffs claimed damages.

                <u>RESPONSE</u>:
                LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond further objects on the grounds that this request is premature, as it seeks documents or information that will be the subject of expert testimony. Subject to and without waiving the foregoing objections, LeMond will produce all relevant, non-privileged documents responsive to this request at a time consistent with the Pretrial Scheduling Order.

In its December 19 letter, Trek requested an answer as to whether Plaintiff was claiming they do not have any documents concerning their claimed damages yet, or whether they believed they did not have to turn them over until some later date. (Exh. 5) In response, in the December 23 letter, Plaintiff's counsel did not answer Trek's questions, stating instead that documents were in control of Trek.

(Exh. 7) Plaintiff should be required to answer the question whether they have documents concerning their claimed damages or whether they believe they do not have to turn them over until some later date.

    (M)    <u>REQUEST NO. 13</u>:
All tax returns for LeMond, Greg LeMond, and all entities identified in response to Interrogatory No.1.

<u>RESPONSE</u>:
LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond further objects to the extent that this request seeks documents and information outside the possession, custody, or control of LeMond. LeMond also objects to the extent that this request seeks documents or information that are not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, LeMond will produce all relevant, non-privileged documents regarding LeMond Cycling, Inc. responsive to this request.

<u>REQUEST NO. 14</u>:
All annual financial statements for LeMond and all entities identified in response to Interrogatory No.1.

RESPONSE:
LeMond incorporates by reference its General Objections. LeMond objects to this request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. LeMond further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond further objects to the extent that this request seeks documents and information outside the possession, custody, or control of LeMond. LeMond also objects to the extent that this request seeks documents or information that are not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, LeMond will produce all relevant, non-privileged documents regarding LeMond Cycling, Inc. responsive to this request.

REQUEST NO. 26:
All individual or joint state and federal tax returns filed by Greg LeMond from 1995 through present.

RESPONSE:
LeMond incorporates by reference its General Objections. LeMond objects to the term "all" as vague and ambiguous and, to the extent such term is given its broadest interpretation, LeMond objects that it is overbroad and unduly burdensome. LeMond also objects to the extent that this request seeks documents or information that are not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. For these reasons, LeMond will not respond to Request No. 26.

Plaintiff's counsel's letter of December 23 stated that Trek's discovery requests were served only on LeMond Cycling not Greg LeMond, and that in any event such requests to Greg LeMond or request to other business entities were not relevant. (Exh. 7)  However, as explained in its December 19 letter, Greg LeMond is a party, LeMond Fitness managed the bike transactions and collected funds, Wayzata, Inc. and LeMond Team Sports could have been in competition with Trek

rights. (Exh. 5) Moreover, as to Greg LeMond's personal returns, they would

provide a source for admissible evidence concerning, at a minimum, the charges

he imposed on bicycle transactions, and his use of bicycles to pay debts and obtain

goods and services, and the accounting for and reporting of the same. In addition,

they will provide evidence about his ability to pay Trek's multi-million dollar

damage claim. The returns also shed light on activities contrary to Trek's rights

under the sublicense agreement and thus should be produced.

    (N)    <u>REQUEST NO. 15</u>:
All documents relating to each lawsuit and arbitration identified in
response to Interrogatory No. 5.

<u>RESPONSE</u>:
LeMond incorporates by reference its General Objections. LeMond
objects to this request to the extent that it calls for the production of
documents or information covered by the attorney-client or work-
product privileges. LeMond further objects to the term "all
documents" as vague and ambiguous and, to the extent such term is
given its broadest interpretation, LeMond objects that it is overbroad
and unduly burdensome. LeMond also objects to the extent that this
request seeks documents or information that are not relevant to the
subject matter of this action and not reasonably calculated to lead to
the discovery of admissible evidence. For these reasons, LeMond
will not respond to Request No. I5.

Despite having identified several suits in answer to Interrogatory No. 5, and

the request in document request number 15 being self-explanatory, Plaintiff

refused to produce documents relating to the identified litigation. When Trek

explained in its December 19 letter how much of this litigation is relevant to the

issues in this case, Plaintiff's counsel responded on December 23 that Trek's

December 19 letter somehow articulated a different and more narrow request than

in the discovery requests and they are now willing to consider the more narrowly tailored request. While Trek does not believe that it articulated a new request, it will wait to see what Plaintiff produces. However, Trek continues to request identification of and production of documents concerning all other lawsuit not disclosed in response to Interrogatory No. 5 as set forth in its letter of December 19 and not addressed by Plaintiff's December 23 letter.

## CONCLUSION

Trek is entitled to complete and accurate responses to its discovery requests and requests an order compelling plaintiffs to produce the information and documents requested, as outlined above.

Dated: December 31, 2008        GASS WEBER MULLINS LLC

By: s/ Ralph A. Weber
    Ralph A. Weber (SBN 1001563)
    Christopher P. Dombrowicki (SBN 1041764)
    Kristal S. Stippich (SBN 1061028)
309 North Water Street, Suite 700
Milwaukee, WI 53202
Telephone: (414) 223-3300
Fax: (414) 224-6116
weber@gasswebermullins.com
dombrowicki@gasswebermullins.com
stippich@gasswebermullins.com

HALLELAND LEWIS NILAN & JOHNSON, P.A.
Erik T. Salveson (Reg. No. 177969)
Amanda M. Cialkowski (Reg. No. 306514)
Benjamin J. Rolf (Reg. No. 386413)
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402

Telephone (612) 338-1838
esalveson@halleland.com
acialkowski@halleland.com
brolf@hal1eland.com

ATTORNEYS FOR DEFENDANT AND
THIRD-PARTY PLAINTIFF TREK BICYCLE
CORPORATION