UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LeMond Cycling, Inc., | |
|       Plaintiff, | Civil No. 08-1010 (RHK-JSM) |
| v. | Judge Richard H. Kyle<br>Magistrate Judge Janie S. Mayeron |
| Trek Bicycle Corporation, | |
|       Defendant/Third-Party Plaintiff, | Date: February 17, 2009<br>Time: 11:00 a.m.<br>Judge: Janie S. Mayeron |
| v. | |
| Greg Lemond, | |
|       Third-Party Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA ISSUED TO MASLON, EDELMAN, BORMAN & BRAND OR IN THE ALTERNATIVE TO STAY DETERMINATION IN <u>DEFERENCE TO THE TRIAL COURT</u>**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff LeMond Cycling, Inc. and Third-Party Defendant Greg LeMond (collectively "Plaintiff"), by and through their attorneys, hereby move this Honorable Court for an Order Quashing the Subpoena served by Defendant Trek Bicycle Corporation ("Trek") upon Maslon, Edelman, Borman & Brand ("Maslon").

On or about March 20, 2008, Plaintiff filed a lawsuit against Trek, who responded by bringing suit in the Western District of Wisconsin on April 8, 2008.

80510062.1

After the action in Wisconsin was transferred and consolidated with Plaintiff's lawsuit in this Court, Trek filed its Counterclaim and Third-Party Complaint seeking both equitable relief and money damages on September 29, 2008. On December 23, 2008, Trek served a third-party subpoena upon Maslon, commanding the production of "[a]ll non-privileged documents concerning the lawsuit LeMond Cycling, Inc. vs. PTI Holding, Inc." by January 7, 2009. (*See* Subpoena and cover letter attached to the Declaration of Jennifer M. Robbins at Ex. 1.) For the reasons detailed below, Plaintiff requests that the subpoenaed production of documents for Maslon be quashed, or in the alternative, stayed in deference to the trial court's determination regarding what discovery can and should go forward.[1]

## ARGUMENT

### I. TREK'S SUBPOENA TO MASLON SHOULD BE QUASHED.

"On timely motion, the issuing court must quash or modify a subpoena that fails to allow a reasonable time to comply . . . requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." Fed R. Civ. P. 45(c)(3). Here, Trek has not only commanded production of documents that are irrelevant to the present litigation, Trek also caused service of the subpoena a mere 14 days before the required date of compliance. This does not provide reasonable time for compliance.

---

[1] Consistent with the present motion, Plaintiff will file a parallel request with the Court this week for a protective order regarding the discovery sought under this and two other recently served subpoenas.

2

Although Fed. R. Civ. P. 26 allows for discovery of any matter relevant to the claim or defense of any party, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action" and "'[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)). And "because discovery rules should be construed to secure the just, *speedy*, and *inexpensive* determination of every action . . . judges should not hesitate to exercise appropriate control over the discovery process." *Id.,* at 927 (emphasis in original) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ).

Trek's subpoena to Maslon is not tailored to the claims at issue in the present matter. Rather, Trek requests all documents concerning the LeMond Cycling vs. PTI Holding, Inc. lawsuit. The claims at issue in this litigation, which center around the Sublicense Agreement with Trek, are different from the issues involved in the PTI matter, which involved a completely different contract, not with Trek, but with PTI. Trek's claims are only related to Plaintiff's alleged breach of the Agreement with Trek. Furthermore, aside from the fact that the PTI litigation was several years ago, documents that have been kept are subject to the protective order in place in that lawsuit. The burden on LeMond Cycling, Inc.'s

3

counsel to search for, review, and produce documents in accordance with the protective order in effect in the PTI matter, all without running afoul of attorney-client privilege, is substantial. Trek has failed to indicate either its need for these documents, or the relevance of the same. Because Trek's subpoena requests documents that are irrelevant and because Trek provided an insufficient amount of time for production, Plaintiff's Motion to Quash should be granted.

## II. IN THE ALTERNATIVE, TREK'S SUBPOENA TO MASLON SHOULD BE STAYED.

This Court has discretion to stay any determination involving Trek's subpoena and defer to the district in which the action is pending. *Hartz Mt. Corp. v. Chanelle Pharm. Veterinary Prods. Mfg., Ltd.*, 235 F.R.D. 535, 536 (D. Me. 2006) (citing *In re Sealed Case*, 141 F.3d 337 (D.C. Cir. 1998)); *see also Kearney v. Jandernoa*, 172 F.R.D. 381, 383 (N.D. Ill. 2007) (indicating that filing a motion for protective order in trial court and staying its ruling on motion to quash was appropriate action in the interest of "uniformity and judicial economy"). Such a procedure "permits the party seeking to quash the subpoena to make a motion for a protective order in the court where the trial is to take place and then defer to the trial court's decision." *Hartz Mt. Corp.*, 235 F.R.D. at 536 (citing *In re Sealed Case*, 141 F.3d at 340-42). As stated above, Trek's subpoena commands production of documents which are irrelevant to the present action and is merely tailored to increase expense to Plaintiff, as well as non-party Maslon. In the present action, an order staying determination would allow the trial court to decide

4

what is and is not within the scope of discovery before non-party Maslon is forced to spend time or money attempting to comply with Trek's overly broad discovery request.

## **CONCLUSION**

Trek's subpoena to Maslon should be quashed because it seeks documents that are irrelevant to the present action. And, even assuming *arguendo* that the request complies with relevancy requirements, Trek has not allowed a reasonable time for compliance. For all the foregoing reasons, Plaintiff respectfully requests that the Court quash, or in the alternative, stay its determination on the subpoena pending action by the trial court on Plaintiff's motion for a protective order.

Dated: January 5, 2009     **ROBINS, KAPLAN, MILLER & CIRESI L.L.P**

By: *s/Denise S. Rahne*
 Christopher W. Madel (#230297)
 Denise S. Rahne (#331314)
 Jennifer M. Robbins (#387745)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

ATTORNEYS FOR PLAINTIFF LEMOND CYCLING, INC. AND THIRD-PARTY DEFENDANT GREG LEMOND