## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LeMond Cycling, Inc., | |
| Plaintiff, | Civil No. 08-1010 (RHK-JSM) |
| v. | Judge Richard H. Kyle |
| | Magistrate Judge Janie S. Mayeron |
| Trek Bicycle Corporation, | |
| | Date: January 15, 2008 |
| Defendant/Third-Party Plaintiff, | Time: 1:00 p.m. |
| | Judge: Janie S. Mayeron |
| v. | |
| Greg Lemond, | |
| Third-Party Defendant. | |

## MEMORANDUM OF LAW IN OPPOSITION TO TREK'S MOTION TO COMPEL RULE 37 CONFERENCE

The meet and confer process is designed to resolve discovery disputes and avoid court intervention. Telephonic meet and confers can certainly play an important role in resolving those disputes where there is room to negotiate a reasonable compromise. This is not one of those instances.

Plaintiff is simply seeking resolution to four of the issues, related to six discovery requests, that it raised with Trek on November 14, 2008. *See* Weber Dec. Ex. 6 (Doc. No. 59-2). These issues are:

(1) discovery related to Trek's contractual relationship with Lance Armstrong, who has exhibited a pattern of exerting his influence on Trek with regard to its relationship with Plaintiff;

(2) a complete production of documents relevant to Trek's marketing, promotion, and advertising of LeMond-branded products, which are central to Plaintiff's claim that Trek has failed to exert its best efforts to promote the LeMond brand domestically and internationally;

(3) a complete production of all documents relating to communications to or from customers, Mr. LeMond, or Trek, regarding Armstrong, LeMond, or LeMond-branded products, which are central to Trek's assertion regarding customer reactions to Mr. LeMond's position on doping in professional cycling; and

(4) a compliant redaction and privilege log that will allow Plaintiff to assess Trek's claims of privilege and potentially seek re-designation of particular documents for use in its case.

In its letter dated November 14, Plaintiff asked that Trek "supplement Trek's production or provide an explanation as to why Trek is unwilling to do so." *Id*., at p. 3.

On December 3, having heard nothing regarding Trek's position on the issues raised in its letter of November 14, 2008, Plaintiff again contacted Trek and indicated: "in my letter of November 14, 2008, I specified several deficient areas in Trek's document production. Before we notice the depositions of additional

2

Trek employees, we are awaiting either your supplemental production or an explanation as to Trek's refusal to provide the same. If we have not received your response by the end of this week, we will move to compel on the issue. *See* Weber Dec. Ex. 9 (Doc. No. 59-2).

Without explanation as to its positions on any of the matters set forth in Plaintiff's letter of November 14, on December 8 and 9 Trek produced more than 800 pages of material. *See* Weber Dec. Exs. 12 & 13 (Doc. No. 59-2). Additional documents and a privilege log followed on December 11, again without any explanation as to Trek's positions on the matters set forth in Plaintiff's letter of November 14. *Id.*, at Ex. 14.

Upon review of the production, it became clear that Trek was refusing to respond to the issues outlined in Plaintiff's motion to compel. In correspondence dated December 18, 2008, Plaintiff wrote to Trek and again referenced the letter of November 14, explaining to Trek that: "[w]e have completed the review of Trek's recent production, and those deficiencies have not been rectified. We have no choice but to file a motion to compel on these discovery issues. We have reserved time with the Court for a hearing on January 6, 2009 at 11:00 a.m., which should provide Trek ample time to either resolve these discovery issues or respond to our Memorandum of Law which we will file in accordance with the Federal Rules." *Id.*, at Ex. 17, p. 2. Trek contacted LeMond Cycling and requested a different date for the hearing in part so that it could attend in person. *Id*. at Ex. 20. Trek also

made explicit what had at that point been implicit (and apparently left for Plaintiff to discover on its own). Specifically:

(1) that its position had not changed regarding discovery as to its relationship with Lance Armstrong;

(2) that it believed that its response "[a]s the request seeks current plans, none. See Trek's pleadings," was a sufficient response to Plaintiff's requests asking for documents relating to Trek's plans to promote and maintain the LeMond brand until the expiration of the Agreement on September 30, 2010[1];

(3) that there is reason to believe that positive consumer comments have not been produced as readily as Trek has volunteered purportedly negative comments – indeed Trek has produced multiple copies of comments it considers negative and only upon filing of this motion has produced documents known to be in Trek's position but never before produced; and

(4) that Trek believed its privilege log was sufficient.

*See* Weber Dec. at Ex. 18.

This is not a matter of letters as opposed to phone conversations. Where feasible, Plaintiff's counsel is happy to discuss any discovery matters that might be resolved through that mechanism. But the meet and confer process is not

---

[1] It is particularly telling that, as set forth in its motion to compel, Trek has produced no documents regarding its unilateral decision to stop selling LeMond branded products despite that fact that the contractual term. (*See* letters between Weber and Bluming attached to the Declaration of Jennifer M. Robbins ("Robbins Decl.") at Ex. 1.)

80519513.1

intended to delay resolution of issues that are holding up discovery, as would be the case here.

Dated: January 8, 2009  **ROBINS, KAPLAN, MILLER & CIRESI L.L.P**

By: *s/Denise S. Rahne*
 Christopher W. Madel (#230297)
 Denise S. Rahne (#331314)
 Jennifer M. Robbins (#387745)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

ATTORNEYS FOR PLAINTIFF LEMOND CYCLING, INC. AND THIRD-PARTY DEFENDANT GREG LEMOND