UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEMOND CYCLING, INC.,

    Plaintiff,

v.

TREK BICYCLE CORPORATION,

    Defendant and Third-Party

    Plaintiff,

v.

GREG LEMOND,

    Third-Party Defendant.

Case No. 08-CV-1010 (RHK-JSM)

**TREK'S REPLY IN SUPPORT OF MOTION TO COMPEL RULE 37 CONFERENCE**

Trek moved pursuant to Federal Rule of Civil Procedure 37(a)(1), and Local Rule 37.1, for an order compelling LeMond Cycling, Inc.'s counsel to confer with Trek's counsel in an effort to resolve their discovery disputes without Court action. Trek agrees that the Rule 37 meet and confer process is not intended to delay resolution of issues that are "holding up discovery." (*See* Pl.'s Br. at 5). But that was not the case here, and Rule 37's meet and confer requirement should have been followed.

As the brief and supporting documents filed by Trek demonstrate, Trek has produced responsive documents in a timely fashion and continually asked LeMond to engage in dialogue to resolve discovery issues. Trek regrets that it has had to bring a motion to compel LeMond to do so.

While some discovery matters have been and are being addressed through the parties' briefing of the motions before the Court, an order to compel informal meet and confers going forward is still necessary, as demonstrated by LeMond's recent response.

Trek understood as of the December 18, 2008 filing of LeMond's Motion to Compel Responses to Its First Set of Discovery Requests that the issues subject to that motion were the eleven issues addressed in LeMond's November 14, 2008 correspondence. (*See* LeMond's Rule 37 Certification in its Motion to Compel Responses to Discovery, Docket No. #49) (citing correspondence of November 14 and December 3, 4, and 16, 2008). As a result, Trek's December 19, 2008 correspondence addressed each of those issues. (Exh. 18 to Weber Declaration in Support of Trek's Motion to Compel Rule 37 Conference (hereafter "Weber Decl.")).

LeMond's December 31, 2008 memorandum filed in support of its Motion to Compel, however, suggests that there were only four issues (or six document requests) that formed the basis for its Motion to Compel. The claimed inadequacy of Trek's privilege logs, moreover, was never raised at all until that December 31 filing—two weeks *after* LeMond already had filed its Motion to Compel.

Contrary to LeMond's contention that Trek's supplemental production had not been accompanied by any explanation of what had been provided, Trek provided an index along with this production, specifically identifying by number the requests for documents and interrogatories to which the supplemental information was responsive. Nearly all of these discovery requests were the subject of Ms. Rahne's November 14, 2008 correspondence. (Exh. 12 to Weber Decl.). That index, together with the index

2

Trek had provided with its original production, provided a substantial amount of information sought by LeMond. Any remaining issues could have been resolved over the phone.

Although LeMond addresses four issues concerning which it believed there was no "room to negotiation," thereby precluding a "reasonable compromise," Trek's supplemental production and accompanying correspondence confirmed that Trek is providing responsive information.

**Conclusion**

While there are some discovery issues that require a court's intervention despite the best efforts of the parties and their counsel, Trek respectfully suggests that the issues raised by LeMond's premature motion to compel could have and should have been addressed and resolved through continued, professional dialogue between counsel. Trek requests the Court grant its motion compelling LeMond's counsel to meet and confer concerning all pending and future discovery disputes prior to seeking court intervention.

Dated: January 13, 2009  GASS WEBER MULLINS LLC

By: s/ Ralph A. Weber
   Ralph A. Weber (SBN 1001563)
   Christopher P. Dombrowicki (SBN 1041764)
   Kristal S. Stippich (SBN 1061028)
309 North Water Street, Suite 700
Milwaukee, WI 53202
Telephone: (414) 223-3300
Fax: (414) 224-6116
weber@gasswebermullins.com
dombrowicki@gasswebermullins.com
stippich@gasswebermullins.com

HALLELAND LEWIS NILAN & JOHNSON, P.A.
Erik T. Salveson (Reg. No. 177969)
Amanda M. Cialkowski (Reg. No. 306514)
Benjamin J. Rolf (Reg. No. 386413)
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Telephone (612) 338-1838
esalveson@halleland.com
acialkowski@halleland.com
brolf@hal1eland.com

ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF TREK BICYCLE CORPORATION