UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEMOND CYCLING, INC.,

    Plaintiff,

v.

TREK BICYCLE CORPORATION,

    Defendant and Third-Party
      Plaintiff,

v.

GREG LEMOND,

    Third-Party Defendant.

Case No. 08-CV-1010 (RHK-JSM)

**TREK'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY RESPONSES**

Trek submits this reply memorandum in support of Trek's motion to compel discovery from LeMond.

## Introduction

Discovery battles are not a proxy for trial. Instead, discovery is intended to provide access to all of the information necessary for the parties to develop their claims and defenses prior to trial. Trek is entitled to any and all discovery "reasonably calculated to lead to the discovery of admissible evidence," regardless of a party's contentions concerning that information's ultimate admissibility at trial. Fed. R. Civ. P.26(b)(1).

Trek's opening brief in support of its motion to compel identifies in detail the specific discovery requests that have not been answered; restates LeMond's objections,

incomplete responses, or outright refusals to respond to those requests; and explains why the requests are "reasonably calculated to lead to the discovery of admissible evidence."

LeMond's response consists of (1) setting forth a list of the topics that LeMond has unilaterally determined to be discoverable; (2) promising to respond to a number of requests that it previously refused to provide; (3) suggesting that certain requests were "moot"; and (4) specifically objecting to only one category of requests—namely, the requests directed at identifying LeMond's multiple business partners, business ventures, and litigation opponents.

Trek requests that this Court issue an order compelling sworn responses to the interrogatories and supplemental written responses to the document requests that have not been specifically opposed by LeMond in his opposition papers.

Trek further requests that this Court order LeMond to respond fully to the discovery requests identified in Trek's opening brief that seek to identify and explore LeMond's prior business partners, LeMond's prior business ventures, and LeMond's multiple litigation entanglements, because such information is highly relevant and is reasonably calculated to lead to the discovery of admissible evidence.

**Argument**

LeMond opens his responsive brief by announcing that it will respond concerning those subjects that LeMond deems to fall within a "reasonable zone of relevance," such as "activities in cycling-related businesses;" contracts related to LeMond Cycling or Greg LeMond's cycling business; communications with Trek relevant to the present lawsuit; Trek, LeMond Cycling, and Greg LeMond's performance of their duties under the

Sublicense Agreement; records regarding bicycles purchased from Trek by Greg LeMond, LeMond Cycling, or their representatives; Mr. LeMond's statements about Lance Armstrong; and tax returns and financial statements of LeMond Cycling (but apparently not Greg LeMond.) (Pl. Br. at 4-5; 8-9) While each of these topics is subject to discovery, LeMond must respond to the remaining requests identified in Trek's opening brief.

Most of LeMond's brief is devoted to identifying discovery requests that he does not dispute, and to promises to supplement his responses accordingly. LeMond continues to resist discovery, however, concerning his prior business and litigation entanglements, claiming that any such matters that do not relate directly to Trek or the business of cycling products are necessarily off limits in discovery. LeMond's purported dichotomy between "LeMond's cycling world" and "LeMond's non-cycling world" fails to acknowledge the obvious relevancy of the requests directed at the latter.

Trek's discovery requests directed at the existence, identity, nature, and circumstances of LeMond's other businesses and business partners are relevant and reasonably calculated to lead to the discovery of admissible evidence for at least four reasons.

First, LeMond's emails, correspondence, public statements, and deposition testimony demonstrate that he is unfortunately consumed with Lance Armstrong, and regularly disparages and attacks Armstrong without regard to the impact on his business partners. The identity of LeMond's current and former business partners—regardless of the nature of the venture—will inescapably lead to the discovery of additional witnesses

3

who may testify to LeMond's unabated attacks on Armstrong and Trek. Those closest to LeMond—including his business partners—are the most likely candidates to substantiate LeMond's conduct. Further, statements made by LeMond and others under oath within the context of LeMond's multiple legal entanglements are likewise fodder for discovery of such conduct, confirming the discoverability of LeMond's litigation entanglements.

The brand-damaging impact of LeMond's disparagement of Armstrong over the years, of course, is a central component of Trek's contention that LeMond materially breached his obligations to Trek under the agreement. When LeMond attacked Armstrong—whatever LeMond's claimed motives—LeMond placed himself, his brand, and thus Trek in a negative light among the dealers, cycling enthusiasts, and other members of the public who admire Lance Armstrong. LeMond knew that his disparaging comments about Armstrong would cause harm to Trek. LeMond's knowledge of this key point is not theoretical, as LeMond has testified to receiving emails lambasting him and Trek for LeMond's unseemly and unrelenting attacks on Armstrong.

Second, the identification of LeMond's business partners and business ventures is necessary so that Trek—rather than just LeMond and his attorneys—has the opportunity to decide whether and to what extent those business partners and ventures are germane to the "LeMond cycling world" that LeMond concedes is subject to discovery.

LeMond has already demonstrated that his characterizations of his role in other business ventures cannot be accepted at face value. As this Court is aware, LeMond filed a motion to quash a third-party subpoena in the Western District of Wisconsin, arising out of Trek's subpoena of documents in the possession of one of LeMond's business

consultants. LeMond claims in his submissions to the Wisconsin district court that he was not personally involved in the cycling business venture subject to the consultant's services, claiming that his son Geoffrey was the man behind the venture. E-mails produced by LeMond and filed by Trek in opposition to the motion belie this contention.[1]

This recent filing demonstrates that LeMond's unilateral decisions about what ventures do and do not relate to the "Greg LeMond" cycling business cannot be dispositive. Trek is entitled to a full identification and description of these business ventures and partners, and Trek and its attorneys will have the opportunity to draw their own conclusions about what is and is not germane. While this Court ultimately decides whether such information becomes admissible at trial, Rule 26 demands that LeMond first provide the information necessary for Trek to make an informed presentation to this Court.

Third, Trek is entitled to an identification of all of LeMond's business ventures, business partners, and litigation opponents so that it can develop additional evidence to demonstrate LeMond's serial failure to abide by his obligations to his business partners. Trek claims in this lawsuit that LeMond selfishly put his own, personal interests ahead of his contractual obligations to Trek, despite the significant harm LeMond's conduct was causing to Trek and its brand. This conduct began even before the Armstrong attacks, when LeMond decided in 1999 to sublicense his brand and its unique cache to a mass

---

[1] *LeMond Cycling Inc. v. Trek Bicycle Corp.*, 09-MC-1, W.D. Wis., Jan. 5, 2009 (Trek filed the documents under seal in its January 13, 2009 opposition to LeMond's Motion to Quash).

5

merchandiser, Target. This undercut his brand with Independent Bicycle Dealers who are Trek's customers.

LeMond claims that it is Trek who is to blame, and that he was forever the good soldier carrying the Trek banner in good faith. Trek already has developed evidence demonstrating LeMond's pattern and practice of destroying and despoiling his business relationships. Trek is entitled to develop further evidence on this front. Such evidence is particularly germane to counter LeMond's subjective characterizations of his purportedly benign motives for maligning Lance Armstrong. Trek will rely upon this evidence to show that Trek is just the latest in a long list of victims of LeMond's tendency to self-destruction, and the destruction of those unfortunate enough to be in business with him.

Once again, LeMond is free to argue at the time of trial that some or all of this evidence should not be admissible. Trek is entitled to the discovery necessary to develop this evidence in the first instance, so that the Court—and not Greg LeMond—can decide what is and is not admissible in support of the parties' claims and defenses at trial.

Fourth, the identity of LeMond's business partners and business ventures is highly relevant to LeMond's compliance with his obligations to Trek during the course of the agreement, and is germane to his duty to mitigate his damages. Trek will introduce evidence at trial demonstrating LeMond's failure to further the agreement's goal of selling LeMond-branded Trek products. Trek's discovery into LeMond's competing business ventures may demonstrate further how LeMond was damaging Trek's interests while furthering his own.

## Conclusion

For each of the reasons set forth above, Trek respectfully requests an order compelling LeMond to respond to each and every one of the discovery requests enumerated in Trek's principal brief.

Dated: January 13, 2009	GASS WEBER MULLINS LLC

By: s/ Ralph A. Weber
   Ralph A. Weber (SBN 1001563)
   Christopher P. Dombrowicki (SBN 1041764)
   Kristal S. Stippich (SBN 1061028)
309 North Water Street, Suite 700
Milwaukee, WI 53202
Telephone: (414) 223-3300
Fax: (414) 224-6116
weber@gasswebermullins.com
dombrowicki@gasswebermullins.com
stippich@gasswebermullins.com

HALLELAND LEWIS NILAN & JOHNSON, P.A.
Erik T. Salveson (Reg. No. 177969)
Amanda M. Cialkowski (Reg. No. 306514)
Benjamin J. Rolf (Reg. No. 386413)
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Telephone (612) 338-1838
esalveson@halleland.com
acialkowski@halleland.com
brolf@hal1eland.com

ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF TREK BICYCLE CORPORATION