# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LeMond Cycling, Inc., | |
| Plaintiff, | Civil No. 08-1010 (RHK-JSM) |
| v. | Judge Richard H. Kyle |
| | Magistrate Judge Janie S. Mayeron |
| Trek Bicycle Corporation, | |
| | Date: February 17, 2009 |
| Defendant/Third-Party Plaintiff, | Time: 11:00 a.m. |
| | Judge: Janie S. Mayeron |
| v. | |
| Greg Lemond, | |
| Third-Party Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING DEFENDANT'S THIRD-PARTY SUBPOENAS

Pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure, Plaintiff LeMond Cycling, Inc. and Third-Party Defendant Greg LeMond (collectively "Plaintiff"), by and through their attorneys, request that this Honorable Court issue a protective order regarding the subpoena served by Trek upon non-party Maslon, Edelman, Borman & Brand LLP ( "Maslon").[1]

On or about March 20, 2008, Plaintiff filed a lawsuit against Trek, who counterclaimed on September 29, 2008, seeking both equitable relief and money

---

[1] The Maslon Subpoena is under the jurisdiction of this Court.

damages. Both parties' claims are based on the sublicense agreement ("the Agreement") between the parties. For its complaint, Trek's claims that Plaintiff has breached are based on section 13.02.01 of the Agreement, which permits termination if Licensor LeMond Cycling or its namesake Mr. LeMond takes any "action which damages or has an adverse impact upon the Licensee or the Licensee's business or goodwill, or if LEMOND is convicted of a felony involving moral turpitude or gross dishonesty." *See* the Agreement, section 13.02.01, attached to the Declaration of Denise S. Rahne ("Rahne Dec.") at Ex. 1.

On December 23, 2008, Trek sent notice to Plaintiff's counsel that Trek intended to serve subpoenas on three non-parties.[2] One of the three subpoenas, which was served on Maslon (the "Maslon Subpoena"), requires the production of "[a]ll non-privileged documents concerning the lawsuit LeMond Cycling, Inc. vs. PTI Holding, Inc." *See* Maslon Subpoena and cover letter at Rahne Dec. Ex. 2.

## ARGUMENT

Under the Federal Rules, the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause may be established through "a showing of irrelevancy of proposed discovery." *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994) (citing *United States v. Princeton Gamma-Tech, Inc.*, 817 F. Supp. 488, 493 (D.N.J. 1993); *Cooper v. Secretary of Air Force*, 132

---

[2] Plaintiff's objections to two of the three subpoenas have been resolved amicably between the parties.

F.R.D. 119, 122 (D.D.C. 1990)).  Since Fed. R. Civ. P. 45 subpoenas are a method of discovery under Fed. R. Civ. P. 26, a party's request for protection from a subpoena is cognizable under Rule 26.  *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 444-45 (D. Minn. 1997); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).  And the court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  Plaintiff requests that this Court issue a protective order regarding the Maslon Subpoena.

Although Fed. R. Civ. P. 26 allows for discovery of any matter relevant to the claim or defense of any party, "discovery may not be had on matters irrelevant to the subject matter involved in the pending action" and "'[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999) (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990)).  And "because discovery rules should be construed to secure the just, *speedy*, and *inexpensive* determination of every action . . . judges should not hesitate to exercise appropriate control over the discovery

process." *Id.,* at 927 (emphasis in original) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

LeMond's prior business endeavors have no bearing on whether the Agreement was breached. As a consequence, Trek's subpoena is neither tailored to the claims at issue in the present matter nor calculated to accomplish efficient and inexpensive discovery. Trek's subpoena requests information related to a lawsuit between LeMond Cycling, Inc. and an entity that formerly distributed and marketed accessories under the LeMond brand. Trek's claim, on the other hand, is based on an alleged breach of the Agreement between Plaintiff and Trek. It is apparently Trek's claim that Plaintiff put his brand at risk when he entered into an agreement with PTI in June, 1999. Although Trek was admittedly vocal about its disagreement with Plaintiff's business decision, the only question remotely relevant to the present litigation is whether the nine-year-old business arrangement, which was terminated nearly four years ago, constitutes an "action which damages or has an adverse impact upon the Licensee or the Licensee's business or goodwill." *See* Agreement, section 13.02.01, attached to Rahne Dec. at Ex. 1. Trek can certainly ascertain the answer to that legal inquiry without the expense and burden of having all materials from prior litigation produced.

Moreover, while Plaintiff has and continues to work with Defendant in order to find a reasonable compromise that would allow Trek to have reasonable discovery into this irrelevant collection of materials, the Maslon Subpoena as it now stands will result in undue burden and expense to Plaintiff. Specifically, in

4

the context of corresponding about the objections it filed on behalf of Plaintiff, Maslon has indicated that it intends to seek payment from Plaintiff for any work done in conjunction with the Maslon Subpoena. *See* Rahne Dec. at Ex. 3.

For these reasons, Plaintiff requests that the Court issue a protective order determining the appropriate scope of discovery.

## **CONCLUSION**

Plaintiff's Motion for a Protective Order should be granted because Trek's subpoena seeks documents that are irrelevant to the present action, the production of which would additionally constitute an unnecessary and undue burden to Plaintiff.

Dated: February 3, 2009            **ROBINS, KAPLAN, MILLER & CIRESI L.L.P**

By: *s/Denise S. Rahne*
    Christopher W. Madel (#230297)
    Denise S. Rahne (#331314)
    Jennifer M. Robbins (#387745)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

ATTORNEYS FOR PLAINTIFF LEMOND CYCLING, INC. AND THIRD-PARTY DEFENDANT GREG LEMOND

5
80510090.1