UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEMOND CYCLING, INC., | |
| Plaintiff, | Civil No. 08-1010 (RHK-JSM) |
| v. | ***CORRECTED* STIPULATED PROTECTIVE ORDER** |
| TREK BICYCLE CORPORATION, | |
| Defendant/Third-Party Plaintiff. | |
| v. | |
| GREG LEMOND, | |
| Third-Party Defendant. | |

Based on the foregoing stipulation of the parties, with respect to the confidentiality of discovery materials, the Court hereby orders as follows:

1.  Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY." One who provides material may designate it as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

80341707.1

2.  The failure of a producing party to designate information, documents or materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" at the time of the initial production of the same shall not prejudice the producing party's right to thereafter designate such information, documents or materials if the initial failure to designate was inadvertent.  A producing party may designate any information, documents or materials previously produced without designation by providing written notice of the same to each recipient of the information, documents or materials after discovery of the inadvertent production of undesignated information, documents, or materials, and shall supply the other party with a copy of such designated materials with the appropriate confidentiality designation added to the designated pages

3.  The inadvertent or unintentional disclosure by a producing party of information, documents, or materials that should not have been produced because of a privilege, including but not limited to the attorney-client or work product privilege, and regardless of whether the information, documents, or materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of privilege either as to the specific information, documents, or material disclosed or as to any other information, document or material relating thereto or on the same or related subject matter.  If a party has inadvertently or unintentionally produced information, documents, or materials subject to a claim of privilege, such information, documents or materials either shall be returned to the producing party within five (5) business days of the producing party's written notice of the same, or the receiving party shall file a motion with the Court challenging the claim of privilege within that 5 business day period. If the claim of privilege is not challenged in accord with the prior sentence, or if the claim of privilege is sustained after challenge, all copies of such information, documents, or materials, as well as any notes or other materials derived therefrom, shall be destroyed to the extent practicable.   Until any such challenge to the producing party's claim of privilege is brought and sustained by the Court, any information, documents, or materials returned to the producing party pursuant to this paragraph shall be deemed to be privileged.

4.  Confidential material disclosed at the deposition of a party or the deposition of one of its present or former officers, directors, employees, agents, or independent expert(s) may be designated by that party as confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of the Stipulated Protective Order.  Either party may also designate confidential material disclosed at such deposition as confidential by notifying the opposing party in writing, within (30) days of receipt of the full and complete

transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written designation, along with a copy of this Stipulated Protective Order, to the transcript and each copy thereof in that party's possession, custody or control.

5. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this order to any other person or entity, except that disclosures may be made in the following circumstances:

>   (a) Disclosure may be made to employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit.
>
>   (b) Disclosure may be made to a party to provide assistance in the conduct of the litigation.
>
>   (c) Disclosure may be made to employees of a party required in good faith to provide assistance in the conduct of the litigation.
>
>   (d) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents.
>
>   (e) Disclosure may be made to expert consultants or expert witnesses (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence.
>
>   (f) Disclosure may be made to any person who was an author or recipient of any particular document.
>
>   (g) Disclosure may be made to any third-party mediator jointly selected by the parties or appointed by the Court.
>
>   (h) Disclosure may be made so such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure.

(i) Disclosure may be made to the Court and its authorized staff, so long as filed under seal or in accord with instructions from the Court.

(j) Disclosure may be made to the producing party.

6. Counsel for the parties must not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL-ATTORNEYS EYES ONLY" under this order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of the three firms that are signatories to this agreement.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(c) Disclosure may be made to expert consultants or expert witnesses (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this order requiring that the documents and information be held in confidence.

(d) Disclosure may be made to any person who was an author or recipient of any particular document.

(e) Disclosure may be made to any third-party mediator jointly selected by the parties or appointed by the Court.

(f) Disclosure may be made to such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure.

(g) Disclosure may be made to the Court and its authorized staff.

(h) Disclosure may be made to the producing party.

7. Except as otherwise expressly provided in this Order, counsel for the parties must keep all documents designated as confidential which are received under this order secure within their exclusive possession.

8. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this order, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" if that word does not already appear.

9. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this order may also be made on the envelope.

10. Confidentiality designations may be challenged at any time following the designation by a party or a third-party. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge. The challenge to a confidentiality designation shall be initiated by written objection to the same directed to counsel for the designating party. The designating party shall serve the challenging party with a written statement of the ground(s) for the asserted designation within ten (10) days after service of any written objection. The parties shall confer in good faith as to the validity of the designation, and they shall endeavor to do so within ten (10) business days of the service by the designating party of the written statement of the ground(s) for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the party objecting to the designation may make an appropriate motion to the Court requesting that the confidentiality designation be stricken or downgraded in terms of the degree of protection provided. In any such proceeding, the party who has designated the material as "Confidential" shall bear the burden of proving that the disputed designation(s) is/are legally and factually warranted. Until the dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as "Confidential."

11. The handling of confidential materials at trial will be determined pursuant to further order of the Court, in advance of trial.

12. Within forty-five (45) days of the conclusion of this litigation, all material not received in evidence and treated as confidential under this order must be returned to the originating party. If the parties so stipulate, the material may be destroyed.

13. Nothing herein shall prevent a party, or their attorneys, from disclosing matters to state or federal law-enforcement personnel, or in response to a validly issued subpoena from a court, administrative body, or legislative body, provided that prior to disclosing confidential information received from the other party, the party proposing to disclose such information shall provide written notice of such intent as soon as reasonably practicable, to permit such other party time to seek relief to prevent such disclosure.

14. No party or third-party may designate information, documents, or materials as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" if such information, documents, or materials are publicly available. Nothing herein shall impose any restrictions on the use or disclosure by a party of information, documents, or materials legally obtained by such party independently of the discovery proceedings in this case. This Stipulated Protective Order has no effect upon, and shall not apply to, the use or disclosure by any party or third party of its own information, documents, items, ideas, or materials for any purpose.

15. Entering into this Stipulated Protective Order, producing or receiving information, documents, or material designated as "Confidential," or otherwise complying with the terms of this Stipulated Protective Order shall not:

    (a) Operate as an admission by any party that any particular information, document, or material designated as "Confidential" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information.

    (b) Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery.

    (c) Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulated Protective Order.

(d) Prejudice in any way the rights of a party to seek a determination by the Court whether any information, document, or material should be subject to the terms of this Stipulated Protective Order.

(e) Prevent the parties to this Stipulated Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information, document, or material.

So Ordered this 20th day of April, 2009　　　BY THE COURT:


*s/ Janie S. Mayeron*
Janie S. Mayeron
United States District Magistrate Judge