Exhibit 10

Dockets.Justia.com



Not Reported in F.Supp., 1987 WL 11229 (E.D.Pa.)
**(Cite as: 1987 WL 11229 (E.D.Pa.))**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
VERSATILE METALS, INC., et al.
v.
The UNION CORPORATION, et al.
**Civ. A. No. 85-4085.**

May 22, 1987.

Thomas W. Murrell, III, Philadelphia, Pa., Michael W. Ford, Chicago, Ill., for plaintiffs.

John Mattioni, Philadelphia, Pa., for The Union Corporation & The Metal Bank of America, Inc.


MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.

**\*1** Plaintiff, in the above-entitled action, made motion upon the defendants to compel production pursuant to Rule 37(a) Fed.R.Civ.P. Plaintiff seeks a copy of a full and complete statement consisting of 42 pages given to the defendants by a witness named John McAfee before a certified shorthand reporter on February 26, 1987. Defendants have refused to produce the McAfee statement, and have based their refusal on the attorney work-product privilege.

A brief background leading to the instant motion follows. On March 26, 1987, defendants filed a response to plaintiff's motion for partial summary judgment. [FN1] In that response, defendants relied on the purported statement by McAfee referred to above. In the Appendix to the defendant's response however, defendants have attached only portions of that statement consisting of 13 pages rather than the full 42 pages. Upon receipt of the defendants' response to the motion for partial summary judg-

ment, plaintiff's counsel sent a letter requesting the portions of the McAfee statement not included in the Appendix. Plaintiff's counsel subsequently received a response letter dated March 31, 1987 from defendant's counsel refusing to produce the statement.

On September 27, 1985, plaintiffs filed document request number 7 which reads as follows:

"All documents relating in any way to the allegations in paragraph 20(c) and (i) of the Counterclaim that Plaintiffs caused (or engaged in actions or conduct which resulted in) numerous spills, discharges, releases, and other events resulting in the contamination of the Leased Premises Inventory, equipment, fixtures and the environment with PCB's and other hazardous substances."

There is no doubt that the McAfee statement falls within the purview of plaintiff's document request number 7 and the question before this Court is whether that statement is protected from disclosure by the work-product privilege.

It is settled in this Circuit that statements of defendants' witnesses are entitled to the qualified privilege of the "work-product" doctrine, whether they are taken by an attorney himself or by investigating agents on his behalf. *Altmont v. United States,* 177 Fed.2d 971 (3d Cir.1950). The work-product doctrine recognized by the Supreme Court of the United States in *Hickman v. Taylor,* 329 U.S. 495 (1947), reflects the strong "public policy underlying the orderly prosecution and defense of legal claims." *Id.,* at 510. *See also Id.,* at 514-515, Jackson, J. concurring.) As the Court there observed:

"Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties,

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1987 WL 11229 (E.D.Pa.)
**(Cite as: 1987 WL 11229 (E.D.Pa.))**

however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their client's interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways-aptly though roughly termed by the Circuit Court of Appeals in this case as the 'work product of the lawyer.' Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An Attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness, and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.

*2 *United States v. Nobles,* 422 U.S. 225 (1974).

The Court therefore recognized a qualified privilege for certain materials prepared by an attorney "acting for his client in anticipation in litigation." *Id.* at 508. *See generally* 4 J. Moore, Fed.P. § 26.63 (2d Ed.1974); *E. Cleary, McCormick on Evidence,* 204-209 (2d Ed.1972). However, the privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived. Here, defendants actually introduced as part of their response to plaintiff's motion for partial summary judgment testimony of Mr. McAfee which pertained directly to the merits of the case. That there can be no question that it pertains to the merits of the case, the Court notes that in defend-

ant's response to the instant motion to compel, defendants have stated at p. 2 of their memorandum in opposition:

"... The parts of the statement attached to the Answer to Plaintiff's Motion for Summary Judgment were attached *only* because believed necessary to show that as to the issues to which they related there were material issues of fact precluding Summary Judgment."

The statement given under oath by Mr. McAfee goes directly to the merits of defendants' counterclaims imposed in this case, and does not involve collateral issues. In this case, it was not the plaintiff who has given testimony but rather an agent of the defendants. Defendants introduced testimony as part of its response to the summary judgment motion. Thus it is no longer protected by the work-product doctrine as outlined in *Hickman v. Taylor* and discussed in *United States v. Nobles,* 422 U.S. 255 (1975). In *Nobles,* the defense counsel sought to introduce pretrial statements of certain witnesses obtained by an investigator hired by the defense to show their prior inconsistent statements. When the defendant refused to let the prosecutor inspect the investigator's report for purposes of cross-examination, the trial court ruled that the work product doctrine protected the report from disclosures to the prosecutor, thus the investigator could not testify at all about the statements of the witnesses. The Supreme Court held:

"... Here respondent sought to adduce the testimony of the investigator and contrast his recollection of the contested statements with that of the prosecution's witnesses. Respondent, by electing to present the investigator as a witness, waived the privilege with respect to matters covered by his testimony. Respondent can no more advance the work-product doctrine to sustain a unilateral testimonial use of work product materials than he could elect to testify in his own behalf and thereafter assert his Fifth Amendment, a privilege to resist cross-ex-

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1987 WL 11229 (E.D.Pa.)
**(Cite as: 1987 WL 11229 (E.D.Pa.))**

aminations on matters reasonably related to those brought out on direct examination." (citations omitted.)

This Court finds that the defendant's introduction of the testimony of Mr. McAfee, in part, constituted waiver of the work-product doctrine protection. The testimony concerning Mr. McAfee's knowledge of the conditions at the premises here in question are germane to the merits of the defendant's counterclaim.

**\*3** What constitutes a waiver with respect to work-product materials depends, of course, upon the circumstances. Counsel necessarily makes use throughout trial of the notes, documents and other internal materials prepared to present adequately his client's case, and often relies on them when examining witnesses. When so used, there normally is no waiver. But, where, as here, counsel attempts to make a testimonial use of these materials, the normal rules of evidence come into play with respect to cross-examination and production of documents.

Chief Judge Fullam in *Philadelphia Electric Co. v. Anaconda American Brass Co.,* 274 F.Supp. 146, 148 (1967) appropriately stated:

"I am satisfied that, quite apart from the effect of pretrial order No. 2, these presentence memoranda are subject to production because they were *disclosed to government counsel, as well as to the Court, in the Connecticut litigation.* The sealing Order does not affect this situation, nor would it be violated by requiring production in the present litigation. For these reasons, I have made it clear, in the orders of August 2 and October 12, that these memoranda are subject to production." (emphasis added.)

Indeed, even in the pretrial discovery area, in which the work-product rule does apply, work-product notions have been thought insufficient to prevent discovery of evidentiary and impeachment material. in

*Hickman v. Taylor,* 329 U.S. at 511, the Court stated:

"We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery in all cases. Where relevant and nonprivileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might come under certain circumstances, be *admissible in evidence* or give clues as to the existence or location of relevant facts, or they might be useful for purposes of *impeachment or corroboration.* (emphasis added.)

Pursuant to this language, many courts have ordered evidence to be turned over pretrial, even when it came into being as the result of the adversary's efforts in preparation for trial. Such is the statement in the instant case. See *Cummings v. Bell Telephone Company of Pennsylvania,* 47 F.R.D. 373 (E.D.Pa.1968); *Marx v. Gas Service Co.,* 168 F.Supp. 487 (W.D.Mo.1958); *Maginnis v. Westinghouse Electric Corp.,* 207 F.Supp. 739 (E.D.La.1962); *Scuderi v. Boston Insurance Co.,* 34 F.R.D. 463, 468 (Del.1964), (Each involving a situation where a member of a litigation team witnessed an event or seen in the course of preparing a case for trial and the Court ordered disclosure of his report of the event).

Accordingly, this Court finds that defendants waived their right to the work-product protection privilege when they asserted Mr. McAfee's partial statement in their response to the plaintiff's motion for partial summary judgment. The Court will therefore enter an appropriate Order, but deny plaintiff's request that they be paid reasonable expenses including attorneys' fee in bringing the motion because the Court finds that the failure of the defendants to produce the entire statement was substantially justified and an award of expenses would

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp., 1987 WL 11229 (E.D.Pa.)
**(Cite as: 1987 WL 11229 (E.D.Pa.))**

be unjust. Whether to impose sanctions and what sanctions to impose are matters generally entrusted to the discretion of the District Court. *See National Hockey League v. Metropolitan Hockey Club.* 427 U.S. 639 (1976) (per curiam).

## ORDER

*4 AND NOW, this 21st day of May, 1987, upon consideration of plaintiff's motion to compel production pursuant to Rule 37(a) F.R.Civ.P., it is hereby ORDERED that the motion is granted, and that the defendants are ORDERED to produce a full copy of the statement of John McAfee taken on February 26, 1987.

IT IS FURTHER ORDERED that both parties' motions for reasonable expenses including attorneys' fees are denied.

> FN1. On March 30, 1987, in consideration of the plaintiff's motion for partial summary judgment as to Counts 1 and 7 of defendant's counterclaim, the Honorable James McGirr Kelly ordered that plaintiff's motions as to Counts 1 and 7 be denied.

E.D.Pa.,1987.
Versatile Metals, Inc. v. Union Corp.
Not Reported in F.Supp., 1987 WL 11229 (E.D.Pa.)

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.