UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEMOND CYCLING, INC.,

    Plaintiff,

v.

TREK BICYCLE CORPORATION,

    Defendant and Third-Party Plaintiff,

v.

GREG LEMOND,

    Third-Party Defendant.

Case No. 08-CV-1010 (RHK-JSM)

**TREK'S REPLY IN SUPPORT OF MOTION TO COMPEL ANDREU TAPE RECORDING**

**Argument**

**I.  The Parties' Meet and Confer Continued to the Point of Stalemate.**

LeMond and Trek discussed the Andreu tape repeatedly. LeMond made it clear in his July 1, 2009 letter that he would not budge on turning it over. (Second Declaration of Kristal S. Stippich, ¶ 1, Exh. 1). There is no alternative to this motion, especially now that LeMond made Ms. Andreu an important part of his summary judgment motion.

**II.  There Is No Work Product Protection For the Verbatim Andreu Tape.**

LeMond attempts to avoid the fact that verbatim non-party witness statements are not work product by arguing instead over "substantial need." The *Dobbs* court explained, however, that since the knowledge held by third parties (such as Ms. Andreu) is not privileged, applying work product to verbatim statements is a "fiction." *Dobbs v. Lamonts Apparel, Inc.*, 155 F.R.D. 650, 652 (D. Alaska 1994).

LeMond then argues that portions of the tape are opinion work product because Ms. Andreu is in an "active conversation in which Bluming's questions show his legal thought processes" and because the tape "includes an explanation by Bluming of his legal opinions and legal strategy." (LeMond Br. at 5). This argument does not help shield Ms. Andreu's verbatim statements; *at best,* it would support a redacted version of the recording masking Mr. Bluming's work product. But even if work product protection might have existed under some circumstances, sharing such information with an apparent near-stranger they did not trust is classic waiver. *See* Wright & Miller, 8 Fed. Prac. & Proc. § 2024 (explaining that waiver occurs when information is disclosed to third persons such that it "substantially increased the opportunities for potential adversaries to obtain the information"). At the time the call was secretly taped, neither Mr. Bluming nor Greg LeMond apparently knew Ms. Andreu very well (Andreu Aff., Exh. A) (July 17, 2004 email in which she introduces herself) and Greg testified he had questions early on about Ms. Andreu's honesty. (LeMond Dep. at 224-225).[1]

The primary case cited by LeMond, *United States v. Miracle Recreation Equip. Co.*, 118 F.R.D. 100 (S.D. Iowa 1987), involved discussions between attorneys and their client, not including a third party. *Miracle Recreation* does not support applying work product protection to sharing and secretly taping strategies with a stranger. The second case LeMond cites, *Bradley v. Wal-Mart Stores, Inc.*, 196 F.R.D. 557 (E.D. Mo. 2000), likewise does not help LeMond because it involves surveillance tapes, not a verbatim witness statement of a testifying witness that also contains attorney questions and commentary.

---

[1] This is entirely unlike creating and sharing confidential work product with a retained consultant who is subject to a confidentiality agreement.

2

**III.   LeMond Fails to Address Waiver of Work Product For Clandestine Taping.**

LeMond concedes Ms. Andreu was secretly taped. Yet, he fails to address the case law cited by Trek that secret recording waives any work product privilege. (Trek Br. at 9-10) Instead, LeMond cites cases that do not address the issue of waiver due to secret or surreptitious recording (LeMond Br. at 6), and "responds" to an argument that Trek did not make – that the act of *recording* a conversation waives the work product protection. *Id.* ("LeMond Did not Waive Work Product Protection by Recording the Conversation").

Because secret taping abrogates whatever work product may exist, it is not necessary for the Court to conduct an *in camera* review of the tape. *See, e.g., Parrott v. Wilson*, 707 F.2d 1262, 1272 and n.21 (11th Cir. 1983) (Expressly declining to determine whether tapes were in fact work product material and stating "whatever work product privilege might have existed was vitiated by counsel's clandestine recording of conversations with witnesses."); *Chapman & Cole v. Itel Container Intern. B.V.*, 865 F.2d 676, 686 (5th Cir. 1989) ("[T]he clandestine taping of a telephone conversation implicitly waives the protection of the work product doctrine…."); *Sea-Ray Corp. v. Sunbelt Equip. & Rentals, Inc.*, 172 F.R.D. 179, 185 (M.D.N.C. 1997) ("If a party does choose to surreptitiously record conversations, the statements will not be accorded work product protection. In that event, should a party want to obtain the statement of a non-party witness, the Court need only resolve the less burdensome issue of relevancy untainted by work product disputes."); *Pfeifer v. State Farm Ins. Co.*, 1997 WL 276085, *2 (E.D. La. May 22, 1997) ("the Court need not decide whether State Farm has met [the work product substantial need] test because other exceptions compel disclosure of the tapes" and concluding that "surreptitiously taping conversations" vitiated the protection);

3

*Williams v. Gunderson Rail Servs., LLC*, 2008 WL 145251, **2-3 (W.D. La. Jan. 14, 2008) (not deciding on the merits whether tapes were work product but instead finding clandestine recording of conversations vitiated any privilege).

### IV. Using Andreu As a Witness Waived Any Work Product Protection For Her Verbatim Statement.

LeMond fails to effectively distinguish the *Nobles* line of cases. First, in *Nobles*, the determinative issue with respect to waiver was not use of the *withheld document at trial*, but rather the fact that defense had presented the investigator *as a witness to testify* about his recollection of prior conversations with individuals. *United States v. Nobles*, 422 U.S. 225, 239-40 (1975) ("by electing to present the investigator as a witness, [respondent] waived the privilege]"). When a witness testifies, certain work product protections fall away—including for prior statements. (Trek Br. at 7-9). Indeed, in *Nobles*, even an investigator's filtered view of other fact-witnesses' statements (unlike the verbatim statement at issue here) had to be turned over. *Id.* at 240-41 (a party cannot use privilege to present partial view of an issue). As the *Nobles* court observed, holding back a prior statement would be like allowing someone in a criminal case first to testify on his own behalf and then to invoke the Fifth Amendment to resist cross-examination on matters reasonably related to those brought out on direct examination. *Id.* at 240. Ms. Andreu's affidavit-version of events should be weighed in light of what she said on the verbatim tape. There may be important impeaching evidence about the accuracy or completeness of her testimony, along with insights into her motives to attack Mr. Armstrong.

Second, LeMond tries to create an additional test that the substance of the tape recorded conversation must be "directly" related to the affidavit. According to LeMond, the

4

Andreu recording is "completely unrelated" to the substance of the affidavit. (LeMond Br. at 7-8)  Contrary to LeMond's argument, in *Nobles*, the Supreme Court used very broad language when discussing what can be used for impeachment:

> Decisions of this Court repeatedly have recognized the federal judiciary's inherent power to require the prosecution to produce the previously recorded statements of its witnesses so that the defense may get the full benefit of cross-examination and the truth-finding process may be enhanced. … At issue here is whether, in a proper case, the prosecution can call upon that same power for production of witness statements that facilitate 'full disclosure of all the (relevant) facts.'

*Nobles,* 422 U.S. at 231.  The Court observed

> The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts, within the framework of the rules of evidence.

*Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 709 (1974)).  The Court further used broad language that did not require a lower court to first make any preliminary decisions about whether, in fact, the witness statement would be helpful to the opposing party.  Instead, it used language like the "report *might* provide critical insight into the issues of credibility" or "it *could* assist the jury." *Id.* at 232.

LeMond used Ms. Andreu on summary judgment to assert Mr. Armstrong's alleged influence on Trek.  (LeMond Summ. J. Br. at 15).  LeMond's counsel concedes that the 2004 secretly taped conversation with Ms. Andreu involves a discussion of Armstrong's alleged influence on Trek-LeMond relationship.  (Stippich Decl., Exh. 3) (*see* LCI PRIV 202-03, the "date" column states: "Post-2001 involvement of L. Armstrong in Trek/LeMond contractual relationship").  This proves the tape's relevance, and Trek is entitled to "full disclosure of all the relevant facts." *Nobles*, 422 U.S. at 231.  Therefore, Trek is entitled to

the tape on the separate and independent ground that LeMond waived any protection when he used Ms. Andreu's testimony in support of summary judgment.

## Conclusion

Trek requests the Court grant its motion to compel production of the Andreu tape recording.

HALLELAND LEWIS NILAN & JOHNSON, P.A.

Dated:  September 8, 2009         By: s/ Benjamin J. Rolf
                                  Erik T. Salveson (Reg. No. 177969)
                                  Amanda M. Cialkowski (Reg. No. 306514)
                                  Benjamin J. Rolf (Reg. No. 386413)
                                  600 U.S. Bank Plaza South
                                  220 South Sixth Street
                                  Minneapolis, MN 55402
                                  Telephone: (612) 338-1838
                                  Fax: (612) 338-7858
                                  esalveson@halleland.com
                                  acialkowski@halleland.com
                                  brolf@hal1eland.com

                                  GASS WEBER MULLINS LLC

                                  Ralph A. Weber (Wisc. Reg. No. 1001563)
                                  Christopher P. Dombrowicki (Wisc. Reg. No. 1041764)
                                  Kristal S. Stippich (Wisc. Reg. No. 1061028)
                                  309 North Water Street, Suite 700
                                  Milwaukee, WI 53202
                                  Telephone: (414) 223-3300
                                  Fax: (414) 224-6116
                                  weber@gasswebermullins.com
                                  dombrowicki@gasswebermullins.com
                                  stippich@gasswebermullins.com

                                  **ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF TREK BICYCLE CORPORATION**