UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LeMOND CYCLING CO., INC. § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil No. 08-1010 (RHK-JSM) |
| § | |
| TREK BICYCLE CORPORATION § | |
| Defendant § | |
| § | |
| vs. § | |
| § | |
| GREG LeMOND § | |
| Third Party Defendant § | |

**<u>KRISTIN ARMSTRONG'S MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO INTERVENE TO TERMINATE DEPOSITION OR FOR A
PROTECTIVE ORDER</u>**

Comes now, Kristin Armstrong, a non-party to this action, and files this abbreviated memorandum of law and motion to terminate or for protection and asks the Court to protect her from Greg LeMond and LeMond Cycling, Inc.'s attempt to harass her and use the discovery process in an illegitimate attempt to further the years long vendetta Greg LeMond has against Lance Armstrong, a vendetta that is in no way relevant to the contract issues before the Court.

### A.  INTRODUCTION

1.  Plaintiff is LeMond Cycling, Inc.; Defendant is Trek Bicycle Corporation. Greg LeMond is a third party Defendant. Those parties are in a contract dispute pending in this action. Kristen Armstrong is not a party. Lance Armstrong is not a party. Lance Armstrong's contract with Trek is not an issue in this case. Lance Armstrong's personal conduct during his marital relationship with Kristin Armstrong which ended in a 2003

1

divorce is neither relevant, nor calculated to lead to the discovery of admissible evidence relevant to the issues presented by this litigation. Inquiries by Plaintiff related to allegations that Lance Armstrong ever used performance enhancing drugs are improper, made in bad faith and unreasonably annoys, embarrasses and oppresses Kristin Armstrong. That issue has been exhaustively poured over in many other forums and consistently answered with a resounding "no", and is not an issue (or relevant to any issue) in this lawsuit. LeMond's attempt to harass the Armstrongs and pursue his vendetta against Lance in this court action has now become an issue for which this Court should grant relief.

2. Plaintiff filed his breach of contract complaint against Trek on or about March 20, 2008. A scheduling order was entered on or about August 26, 2008 which closed all fact discovery by June 8, 2009. On the 29th day of May, 2009, Plaintiff served a Notice of Deposition and Subpoena Duces Tecum upon Kristin Armstrong, setting her deposition for the last day of fact discovery. Subsequently, the new and latest lawyers for Plaintiff re-set Kristin's deposition for October 1, 2009, in her hometown of Austin, Texas. Fact discovery is now closed. Absent Court order, there will be no such further discovery.

3. Plaintiff's very own Rule 26 description of Kristen Armstrong's relevance to the case, as represented to the court and parties, listed her subject of information as:

> the "**involvement of Lance Armstrong in the performance of the Sublicense Agreement and the 1999 Amendment between Trek Bicycle Corporation and LeMond Cycling, Inc; Lance Armstrong's influence on Trek's relationship with LeMond Cycling.**"

Plaintiff asked for documents Kristen Armstrong had relating to that knowledge. She has none. Ms. Armstrong appeared at her deposition the morning of October 1, 2009 for the purpose of answering questions relating to those designated contract dispute issues. Plaintiff's motive, however, was not to take Ms. Armstrong's deposition on those issues, as had been represented by LeMond's former lawyers. Instead, recent evidence compelled from and produced by LeMond (which will be filed with the court in a supplement to this motion), coupled with the outrageous and irrelevant questions posed to Ms. Armstrong at her deposition, confirm that LeMond is attempting to use this proceeding and the deposition process with Ms. Armstrong as part of his vendetta against Lance Armstrong, not as part of the contract case with Trek. LeMond's use of the process in this manner is in bad faith, is in a manner that unreasonably annoys, embarrasses, or oppresses the deponent, Ms. Armstrong, is harassing, seeks irrelevant information, information not calculated to the discovery of admissible evidence and asks questions and seeks information LeMond knows or should knows is protected in virtually every jurisdiction, including Texas and Minnesota, by the spousal communications privilege and the Armstrong's right to privacy. Mr. LeMond simply does not have the right to further his obsessive pursuit and harassment of the Armstrong Family under the guise of irrelevant discovery in this case.

### B.     ARGUMENT

4.     FRCP 30(d)(3)(A) states, in pertinent part,

(3) *Motion to Terminate or Limit.*

(A) Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If

the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

(B) Order. The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

Here, when it became apparent during Ms. Armstrong's deposition that it was being conducted in bad faith and/or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party, and in order to protect the witness and privileges involved, but after the opportunity was given for all parties to ask relevant, germane and proper questions, the Movant suspended the deposition and now files this motion to terminate or limit. This motion is filed immediately after the suspension and Movant respectfully requests sufficient time to present the Court a full motion with supporting evidence and briefing necessary to obtain an order.

5. Plaintiff's examination of Kristin Armstrong is sought in bad faith and in a manner that unreasonably burdens, annoys, embarrasses or oppresses the proposed deponent. Fed. R. Civ. P. 26(c)(1), 30(d)(3)(A), 45(c)(3)(A)(iv). Before the deposition began, and certainly shortly after the commencement of the deposition, it was apparent that Plaintiff was well aware that Kristin Armstrong possessed no facts or information which would be, or could be, of any relevance or probative value in the contract dispute between plaintiff and defendant. (see the affidavit of Kristin Armstrong, who was married to Lance Armstrong from May of 1998 to December of 2003, attached hereto as Exhibit "1" and provided before the deposition and see the transcript of her suspended deposition which has been requested and will be supplemented when available). Plaintiff has conducted discovery through the depositions of Trek officers and employees regarding all alleged conversations or communications between Lance Armstrong,

Movant's former husband, and Trek Bicycle Corporation. Plaintiff has not deposed a single witness, Trek or otherwise, on the objectionable areas of inquiry posed to Ms. Armstrong, likely because the topics are patently irrelevant. Movant has very limited knowledge or information regarding any contact between Mr. Lance Armstrong and Trek; Movant has never, to the best of her recollection, had any contact with Trek, Lemond or Lance Armstrong regarding any matter or issue in the litigation. Plaintiff's attempt to depose Movant on unrelated and irrelevant topics has no legal justification and is merely an effort to annoy, harass and attempt to embarrass both Movant and Lance Armstrong and to subject Movant to irrelevant and speculative inquiries about matters which could have no possible relevance to the issues in this proceeding. Plaintiff has long pursued a public campaign to impugn the reputation and accomplishments of Mr. Armstrong who likewise has no or extremely little knowledge or information regarding Mr. Lemond's contract dispute with Trek. While Plaintiff has implied some complicity between Lance Armstrong and Trek, it has made no effort to secure any information or testimony from Mr. Armstrong during the course of this litigation, nor has Plaintiff asserted any claims for relief against Mr. Armstrong. At the last minute of the discovery period, Plaintiff sought the deposition of Kristin Armstrong under the pretense of asking her about LeMond, his bicycles or his business dealings with Trek, then attempted to delve into scurrilous, unfounded, harassing rumors and innuendo about her ex husband that have no basis in fact or relevance to the issues in the lawsuit. Plaintiff's conduct is not only prohibited by the Federal Rules of Civil Procedure, but also constitutes an abuse of the judicial process and the civil justice system itself.

6. In addition to grounds under FRCP 30(d)(3)(A) and privileges[1] asserted by the Movant, the court also has broad discretion to issue a protective order on a showing of good cause. *See* Fed. R. Civ. P. 26(c); *see also Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (listing factors court should consider in granting protective order for discovery). Once good cause has been established, the court must weigh the Movant's privacy interests in the information and the burden of producing the information against the rights of the nonmovant and the public to obtain the information. *See Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 34-36, 104 S. Ct. 2199, 2208-09 (1984); *Phillips ex rel. Estates of Byrd v. Gen. Mortors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). (The burden of Plaintiff's request for discovery outweighs the likely benefit of the discovery, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the proposed discovery in resolving the issues.) Fed.R.Civ.P. 26(b)(2)C)(iii). The right to discovery is not unlimited, and does have "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507, 91 L. Ed. 451, 67 S. Ct. 385 (1947). That is particularly true where discovery is sought from third parties who have no relationship to, or involvement with, the litigation. Discovery may be denied "where, in the court's judgment, the inquiry lies in a speculative area." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990).

7. There is good cause for the court to protect Kristin Armstrong and to issue its order terminating the deposition, as will be demonstrated in the full motion. Thus,

---

[1] One of the privileges at issue and violated by the harassing inquiries is the spousal communication /husband – wife privilege. See Minn. Stat. sec. 595.02(a) and Tex.R.Evid. 504. The privileges are invoked by Mr. and Ms. Armstrong, the tired targets of this and repeated other meritless attacks.

Kristin Armstrong will ask the Court to exercise its discretion and grant a protective order and for all the relief to be requested in the full motion on this matter.

### C. CONCLUSION

8. Movant requests that the Court take notice that Movant has filed this preliminary motion and requests the Court allow Movant the necessary time to file her supplemental and complete motion with accompanying evidence, and ultimately issue a protective order terminating the deposition of Kristin Armstrong and disallowing this abuse of the process. For the above reasons, and the reasons to be shown in the full motion, there exists good cause under the rules for the issuance of the orders requested by Movant herein. Movant asks the Court to allow for a complete motion to be filed, establish a briefing schedule if the Court desires, set this motion for hearing and, after hearing, to issue an order protecting Kristin and Lance Armstrong as requested in the motion.

Respectfully submitted,

GRAY PLANT MOOTY

/s/ Charles K. Maier
Charles K. Maier
Minnesota Bar No. 230315
500 IDS Center
80 South Eighth Street
Minneapolis, MN USA 55402
Phone: 612.632.3242
Fax: 612.632.4242
charles.maier@gpmlaw.com

Of Counsel:
(with pro hac vice admissions pending):

HOWRYBREEN, LLP
Timothy J. Herman, Of Counsel
Texas Bar No. 09513700
Sean E. Breen
Texas Bar No. 00783715
1900 Pearl Street
Austin, Texas 78705-5408
(512) 474-7300
(512) 474-8557 Fax
Attorneys for Kristin Armstrong

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on October 1, 2009, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system which will send notification of such filing to the following:

Ralph A. Weber, Esq
Christopher P. Dombrowicki
Kristal S. Stippich
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, WI 53202
weber@gasswebermullings.com
dombrowicki@gasswebermullings.com
stippich@gasswebermullings.com

Erik T. Salveson
Benjamin J. Rolf
Amanda M. Cialkowski
Halleland, Lewis, Nilan & Johnson, P.A.
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
esalverson@halleland.com
acialkowski@yhalleland.com
brolf@halleland.com

GP:2651678 v1