# ZASTROW EXHIBIT 6

# ZASTROW EXHIBIT 6

Dockets.Justia.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

LeMond Cycling, Inc.,

        **Plaintiff,**

v.

**Trek Bicycle Corporation,**

        **Defendant and Third-Party
Plaintiff,**

v.

**Greg LeMond,**

        **Third-Party Defendant**

Case No. 08-CV-01010 (RHK/JSM)

---

### PLAINTIFF'S SECOND AMENDED ANSWERS AND OBJECTIONS TO TREK'S SECOND SET OF WRITTEN DISCOVERY TO LEMOND CYCLING, INC. AND GREG LEMOND

Plaintiff LeMond Cycling, Inc. and Third-Party Defendant Greg LeMond (collectively "Plaintiff"), hereby serves the following Objections and Responses to Interrogatory No. 11 of Trek's Second Set of Written Discovery to LeMond Cycling, Inc.

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections with respect to each and every Interrogatory, Document Request, and Request for Admission:

1.     Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek information and/or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

80959506.1

2.      Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission (as well as the instructions or definitions) to the extent they seek to impose obligations on Plaintiff not otherwise imposed by the Federal Rules of Civil Procedure or any other applicable rules. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek information and/or documents and things not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Nothing contained herein shall be construed as an admission relative to the existence or possession of any document. No answer is an admission respecting the relevance or admissibility of any document or the truth or accuracy of any statement or characterization contained in the request.

4.      Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek information and/or documents that are equally accessible to both parties or are more accessible to Trek than to Plaintiff.

5.      Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek documents and/or information outside of Plaintiff's possession, custody, or control and which cannot be located by a reasonable search.

6.      Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek documents and/or information whose disclosure is prohibited by non-disclosure agreement(s) with third parties.

7.      Plaintiff objects to these Interrogatories, Document Requests, and Requests for

2

Admission to the extent they are not limited to an identifiable scope and, as such are overly broad, unduly burdensome, vexatious, harassing, and/or not reasonably calculated to lead to the discovery of admissible evidence.

8.      Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they are unreasonably cumulative or duplicative, or to the extent that the information sought may be obtained from another source in a more convenient, less burdensome, or less expensive manner.

9.      Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they are vague and ambiguous.

10.     Plaintiff objects to the phrase "any non-identical copies (whether different from the originals or otherwise)" in No. 3 of the Instructions and Definitions provided in Trek's First Set of Written Discovery to Greg LeMond and incorporated by Trek in its Second Set of Written Discovery by reference, as contradictory.

11.     Plaintiff objects to the definition of "your 'control'" in No. 7 of the Instructions and Definitions provided in Trek's First Set of Written Discovery to Greg LeMond, and incorporated by Trek in its Second Set of Written Discovery by reference, as overbroad.

3

## AMENDED ANSWER TO INTERROGATORY NO. 11

**INTERROGATORY NO. 11**:

If you contend Trek materially breached its obligations under the Sublicense Agreement, provide a detailed factual and legal basis for your contention, as well as a reference to bates-stamped documents (where applicable) and other documents substantiating or relating to such contention, including without limitation:

a.      each way in which you contend Trek materially breached express contractual provisions, including a recitation of the specific provision(s) in the agreement;

b.      each way in which you contend Trek materially breached the duty of good faith and fair dealing; and

c.      each way in which you contend Trek materially breached its obligation to exert "best efforts" within the meaning of § 5.02 of the Sublicense Agreement.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to the degree that this Interrogatory invades attorney-client or work product privileges. Plaintiff further objects on the grounds that the Interrogatory as stated is overly broad and unduly burdensome. Subject to and without waiving its General and Specific Objections, and in accordance with the parties' agreement from the July 29, 2009 Hearing, Plaintiff states that Trek materially breached §§ 2.02.03, 5.01, 5.02, 5.03, and 8.01 of the Sublicense Agreement.

4

Section 2.02.03 provides that Trek will pay or reimburse LeMond Cycling for expenses related to the development, design, and promotion of LeMond-branded products. Despite this provision, Trek has failed to inform or invite LeMond to promotional events for LeMond-branded products, and LeMond traveled to and attended at least one event at his own expense. (*See, e.g.,* G. LeMond Dep.[1] 262:13-264:3.)

After Trek's unilateral termination of the Sublicense Agreement, Trek began development of a new road bike line which bore similarities to the LeMond bicycle line, resulting in a breach of § 5.01. (*See, e.g.,* Burke Dep. 58:4-59:9; Mock Dep. 139:4-18; TREK013849-53.)

Section 5.03 of the Sublicense Agreement and section F of the 1999 Amendment require that LeMond be provided "at no charge" 15 bicycles per year. The record shows that through 2007 Trek only provided ten free bikes per year. (*See, e.g.,* TREK001025; Huber 50:14-51:2.)

Section 5.02 obligates Trek to use its "best efforts" to exploit LeMond Cycling's trademarks and to promote the sale of Trek's products bearing any part of LeMond Cycling's trademarks "so as to try to maximize sales, consistent with the quality and reputation" of LeMond Cycling and LeMond. Similarly, § 8.01 requires that Trek "expend a reasonable amount on the marketing, promotion and advertising of Licensed Products, both to the trade and to consumers (including corporate advertising), consistent with its promotion of comparable lines of products." Trek violated these provisions by failing to maximize sales domestically and internationally through adequate marketing, promotion, and advertising of LeMond-branded products. Even Trek's President

---

[1] The Deposition of Greg LeMond is hereby incorporated by reference. Plaintiff has provided examples of relevant

80959506.1

admitted that he could have sold more LeMond-branded bicycles in France – by himself – than the number that were sold through Trek's subsidiary. (Burke Dep. 147:24-148:5) Trek should have invested more in advertising and promotion than it did, even if it expended 3% of net sales. (*See, e.g.,* Bluming Dep. 72:12-73:18; Townley Dep. 129:25-132:18.) Trek should have used LeMond more for promotions. (*See, e.g.,* LCI 12343-45; TREK011789-802; TREK012847-48.) Trek should have invested in triathlon and professional cycling team sponsorships at least on a level comparable to the amount it invested in its other road bike lines. (*See, e.g.,* Gore Dep 34:11-40:11; TREK003987-4013; TREK004229-4355; Townley Report, at 6-8, 12, 19; Townley Rebuttal Report, at 5; Townley Dep. 129:25-159:7.) Trek should have marketed not only to dealers but also to consumers, and should have used outside market or consumer research to understand how to better market the LeMond brand. (*See, e.g.,* Townley Report, at 19.) For example, Trek's marketing should have included advertisements in vertical publications and more training for sales staff with regard to the points of differentiation in LeMond-branded products, as well as used the good will associated with LeMond's anti-doping stance to market his brand. (*See, e.g.,* Townley Dep. at 129:25-159:7; Townley Report, at 6.)

Trek's failure to exert best efforts and to adequately promote the LeMond brand dovetails with its breach of the implied covenant of good faith and fair dealing. Not only did Trek renege on its explicit contractual obligations, it also willingly participated in what Trek's President agreed was extortion of LeMond, even to the detriment of the LeMond brand. (*See, e.g.,* LCI 02935-83;

---

testimony where applicable.

6

TREK010148-51; TREK010375-76; TREK010381-85; TREK01034853; Trek privilege log

regarding communications with Public Strategies, Inc. and Lance Armstrong's agents; *see also*

Trek's April 8, 2008 presentation, at LCI 12227-53.)


Dated: August 17, 2009                    ROBINS, KAPLAN, MILLER & CIRESI L.L.P.


                                          By: _____
                                               Christopher W. Madel (#230297)
                                               Denise S. Rahne (#331314)
                                               Jennifer M. Robbins (#387745)
                                               Katherine K. Bruce (#388887)

                                          2800 LaSalle Plaza
                                          800 LaSalle Avenue
                                          Minneapolis, MN 55402-2015
                                          Telephone: 612-349-8500
                                          Facsimile: 612-339-4181

                                          ATTORNEYS FOR PLAINTIFF
                                          LEMOND CYCLING, INC.

80959506.1