UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LeMond Cycling, Inc.,

    Plaintiff,

v.

Trek Bicycle Corporation,

    Defendant/Third-Party Plaintiff,

v.

Greg LeMond,

    Third-Party Defendant.

Civil No. 08-1010 (RHK-JSM)

**OBJECTIONS TO TREK'S EVIDENCE**

## Introduction

Evidence submitted in support or opposition to summary judgment must be admissible to create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(e); *Murphy v. Mo. Dept. of Corrections,* 372 F.3d 979, 982 (8th Cir. 2004) (on summary judgment, the court may "consider only admissible evidence" and is prohibited from using "affidavits and depositions that were made without personal knowledge, consisted of hearsay, or purported to state legal conclusions as fact"). Inadmissible evidence is properly disregarded, and cannot be used to negate a genuine issue of fact, or create one. *Tuttle v. Lorillard Tobacco Co.*, 377 F.3d 917, 924 (8th Cir. 2004). The majority of the evidence that Trek has marshaled on summary judgment—both in support of its own motion, and in opposition to LeMond's—is inadmissible as offered.

- 1 -

**<u>Customer Statements Are Inadmissible to Prove Damages or Causation</u>**

There is no admissible evidence in this case to establish that LeMond caused any harm to Trek's "business" or "goodwill" by speaking out against doping. Trek attempts to rely upon "consumer complaints" posted anonymously, or with no identity verification, to prove that LeMond's statements caused consumers to forgo the purchase of a LeMond-branded bicycle. The statements are not admissible for this purpose. *American Employers' Ins. Co. v. Roundup Coal Mining Co.*, 73 F.2d 592, 595 (8th Cir. 1934) (letters of plaintiff's customers were inadmissible as hearsay); *Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005) (summary judgment affidavit stating that costumers had complained of debris in the road excluded as inadmissible hearsay); *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 637 (8th Cir. 2007) (customer complaints excluded as hearsay); *Erickson v. Farmland Industries, Inc.*, 271 F.3d 718, 728 (8th Cir. 2001) (customer complaints excluded as hearsay on motion for summary judgment).[1]

What Trek is left with—self-serving speculation as to causation and damages—is not enough to survive summary judgment. *See, e.g., U.S. Salt, Inc. v. Broken Arrow, Inc.*, No. 07-1988, 2008 WL 2277602, at *1-*2 (D. Minn. May 30,

---

[1] Trek contends that the cosumer emails "are not hearsay, because they are not offered to prove the truth of the matter asserted (i.e., whether or not LeMond is or is not a traitor, a jerk, a whiner, etc.), but to show the fact of consumer reaction." (Trek Reply at 16). This is just wordplay. The "truth of the matter asserted" by Trek, and the purpose for which Trek is using these statements, is that Trek lost sales as a result of LeMond's comments. The statements are inadmissible for that purpose under Rule 802.

2008) (Kyle, J.) (granting judgment as a matter of law where the only evidence to support a lost profits claim was self-serving testimony by the plaintiff, and where plaintiff's expert conducted no "independent market analysis").

### Trek's Affidavits and Testimony Should Be Excluded

Trek submits numerous affidavits in which its employees or loyal dealers recount customer anger at LeMond, or speculate that LeMond's statements caused lost sales.  This evidence is inadmissible.  *See also Jenkins v. Winter*, 540 F.3d 742, 748 (8th Cir. 2008) (when affidavit contains an out-of-court statement offered to prove the truth of the  statement, the statement is inadmissible hearsay and may not be used to support or defeat a motion for summary judgment); *Brooks v. Tri-Systems, Inc*., 425 F.3d 1109, 1111 (8th Cir. 2005) (same); *Murphy,* 372 F.3d at 982 (on summary judgment, the court may "consider only admissible evidence" and is prohibited from using "affidavits and depositions that were made without personal knowledge, consisted of hearsay, or purported to state legal conclusions as fact").

At a minimum, the following testimony and evidence should be excluded:

- <u>Thornton Affidavit, Paragraphs 4-5, Exhibit A</u>:   Thornton states that "[LeMond's] remarks killed the line and hurt our sales."  This is pure speculation.  He also speculates, again with no factual support, that "[w]e lost a lot of money on LeMond <u>as a result</u> of LeMond's comments."  (emphasis added).  Exhibit A is an email recounting rank hearsay:  "we have customers that say they will NOT buy a Le[M]ond bike due to his media fight with Lance."  None of this is admissible.

- <u>Titus Affidavit, Paragraph 5, Exhibits A-C</u>.  Titus speculates about damages, his only support being out-of-court statements by third parties:  "I have had numerous conversations with dealers who were upset by Greg LeMond's comments regarding Lance Armstrong and other athletes. . . . As a result of the comments, many dealers with whom I dealt were less enthusiastic about and committed to the LeMond line, which resulted in lost sales by Trek to those dealers."  Exhibits A-C to the affidavit are hearsay from Trek's dealers.  For instance:  "I'm sure as hell I'm not going to buy one of that asshole's bikes."  Titus also attaches an inadmissible email from a Trek employee forwarding an Internet posting on Mr. LeMond's comments.

- <u>Warren Gibson Deposition</u>, excerpts attached as Ex. 51 to Zastrow Declaration. (Opp. to SJ). Much of Gibson's testimony lacks foundation, extends beyond his personal knowledge, is speculative, or constitutes hearsay.  On page 14, Gibson engages in pure speculation concerning Trek's state of mind.  (14:10-21; *see also* 15:16-20).  On Page 17, Gibson speculates about supply and demand in the bike market, well beyond the scope of his knowledge (he is not an expert).  (17:7-15).  On Page 22, he offers hearsay from a third party.  (22:10-23:5)

- <u>Dean Gore Testimony</u>, excerpts attached as Exhibit 52 to the Zastrow Declaration (Opp. to SJ). At page 79 of the transcript, Gore engages in a monologue about a hypothetical dealer and his reaction to LeMond's comments about doping.  This is inadmissible speculation.  (79:7-80:8).

## **The ESPN Poll Is Inadmissible**

Trek's briefing is littered with screen shots taken from a television program called "Mike and Mike in the Morning," which aired on August 5, 2006 on the ESPN cable network. (Trek Opp. at 13-14; Trek Mot. at 25-27). Trek asks the Court to consider the results of a "viewer dial-in" survey presented at the end of the show demonstrating that viewers think Mr. LeMond ought to "shut up" on the subject of doping. The results of the poll, and the transcript of the show attached as Exhibit 71 to the Zastrow Affidavit (Opp. to SJ), should be excluded as hearsay. *Shimozono v. May Dept. Stores Co.*, 2002 WL 34373490, at *13 (C.D. Cal. 2002) (customer service survey response cards and summaries of those cards were inadmissible hearsay; no exception applied because customers were under no duty to report accurately); *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 329 (5th Cir. 2004) (customer surveys properly excluded as hearsay); *U.S. v. Missouri*, 535 F.3d 844 (8th Cir. 2008) (court properly denied admission of survey responses from local election agencies into evidence as inadmissible hearsay).[2]

---

[2] The poll should also be excluded because survey evidence is inadmissible without proof that the survey's methodology was reliable and credible, and Trek has provided none. *See, e.g., Opuku-Boateng v. State of Cal.*, 95 F.3d 1461, 1471 (9th Cir. 1996) (poll inadmissible because its materiality and reliability was questionable and presented no guarantees of trustworthiness).

## **Conclusion**

The evidence set forth above should not be considered by the Court in resolving the parties' motions for summary judgment.

Dated: November 11, 2009

WINTHROP & WEINSTINE, P.A.

 s/Joseph M. Windler
Robert R. Weinstine, #115435
Joseph M. Windler, #387755
225 South Sixth Street
Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
rweinstine@winthrop.com
jwindler@winthrop.com


James A. DiBoise (Cal. No. 83296)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market St., Spear Tower, Suite 3300
San Francisco, CA 94105
Bus:    (415) 947-2000
Fax:    (415) 947-2099
Email: jdiboise@wsgr.com


ATTORNEYS FOR PLAINTIFF
LEMOND CYCLING, INC.
AND THIRD-PARTY
DEFENDANT GREG LEMOND

4857113v1