UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEMOND CYCLING, INC.,                               CIVIL NO. 08-1010 (RHK/JSM)

    Plaintiff,

v.                                                                      ORDER

TREK BICYCLE CORPORATION,

    Defendant and Third-Party Plaintiff,

v.

GREG LEMOND,

    Third-Party Defendant.

JANIE S. MAYERON, U.S. Magistrate Judge

    The above matter came before the undersigned United States Magistrate Judge for hearing upon Trek's Motion to Compel Answers to Interrogatories, to Deem Facts Admitted, and for Expenses [Docket No. 123].

    Jennifer M. Robbins, Esq. and Kate Bruce, Esq. appeared on behalf of LeMond Cycling, Inc. and Greg LeMond (collectively "LeMond"); Ralph A. Weber, Esq. and Erik T. Salveson, Esq. appeared on behalf of Trek Bicycle Corporation.

    The Court, upon all of the files, records, and proceedings herein, and for the reasons stated on the record, now makes and enters the following Order.

    IT IS HEREBY ORDERED that Trek's Motion to Compel Answers to Interrogatories, to Deem Facts Admitted, and for Expenses [Docket No. 123] is GRANTED.

Dated:      November 30, 2009

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**MEMORANDUM**

**I.   BACKGROUND**

The facts of this case have been detailed in previous Orders, and will not be repeated here as they are unnecessary for this motion.

Trek served its Second Set of Written Discovery to LeMond on May 8, 2009. Declaration of Kristal S. Stippich ("Stippich Decl."), Ex. 1 [Docket No. 126]. On June 8, 2009, LeMond served its response. Stippich Decl., Ex. 2.

Believing that LeMond had failed to provide meaningful responses to several discovery requests, on June 29, 2009, Trek wrote a letter to LeMond's counsel detailing what it believed to be the deficiencies in LeMond's response. Stippich Decl., Ex. 3. LeMond responded on July 1, 2009, contending that it had fully responded. Id., Ex. 4. The parties met and conferred on July 2, 2009, and Trek's counsel wrote to LeMond's counsel to recap the meeting. Id., Ex. 5. On July 8, 2009, LeMond wrote to clarify Trek's recap, stating that with respect to several of the Requests for Admission, LeMond's position was that it was unable to authenticate thousands of pages of documents produced by third parties to the litigation, without knowledge of what Trek believed the documents purported to be. Id., Ex. 6.

Trek then filed the instant motion, seeking to compel LeMond to provide answers to Interrogatory No. 11 and Requests for Admission Nos. 1 and 4 of Trek's Second Set

of Written Discovery.  At the hearing on the motion, the parties resolved their concerns regarding Interrogatory No. 11, and the Court ordered LeMond to amend its answer and provide a substantive response to Trek on or before August 14, 2009.  Therefore, this Order solely addresses Trek's Requests for Admission Nos. 1 and 4.

**II.      DISCUSSION**

Requests for admission are governed by Rule 36 of the Federal Rules of Civil Procedure, which states in pertinent part:

a) Scope and Procedure.

> (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>    (A) facts, the application of law to fact, or opinions about either; and
>    (B) <u>the genuineness of any described documents</u>.
>
> ***
>
> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. <u>The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.</u>
>
> (5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.
>
> (6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order

> either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a) (emphasis added).

Rule 36 has "two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36 advisory committee's note (1970 amendment); see also Schwarz Pharma, Inc. v. Paddock Laboratories, Inc., 429 F.Supp.2d 1116, 1129 (D.Minn. 2006) (citing Advisory Committee Notes to Rule 36). "The quintessential function of Requests for Admissions is to allow the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." Lakehead Pipe Line Co. v. American Home Assurance Co., 177 F.R.D. 454, 457-58 (D.Minn. 1997). Furthermore, Rule 36 expressly provides for the use of requests for admission to obtain an admission of the authenticity of a document. See Fed.R.Civ.P. 36(a)(1)(B).

At issue here are LeMond's responses to Requests for Admission Nos. 1 and 4. Request for Admission No. 1 requested the following: "With respect to each of the Consumer and Dealer Emails and Letters,[1] admit they are authentic documents pursuant to Rule 901 and 902." Stippich Decl., Ex. 1, p. 2. LeMond responded to this Request as follows:

---

[1] The term "Consumer and Dealer Emails and Letters" referred to documents at bates TREK00054-480, TREK000483-485, TREK000490-638, TREK 009464-9848, TREK 0009850-9927 and TREK011951-11983. Stippich Decl., p. 1, Ex. 1.

4

> Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects that it is Defendant's burden, and not that of Plaintiff, to authenticate and provide evidentiary basis for documents that it has produced. Subject to and without waiving its General and Specific Objections, Plaintiff states that Plaintiff is without knowledge as to the authenticity of the Consumer and Dealer Emails and Letters, and is therefore not in a position to admit or deny their authenticity. Plaintiff further states that it believes that Trek is also without such knowledge.

Stippich Decl., Ex. 2, p. 4.

Similarly, Request for Admission No. 4 requested the following: "With respect to each Blog Post, admit they are authentic documents pursuant to Rule 901 and 902."

Stippich Decl., Ex. 1, p. 2. LeMond responded to this Request as follows:

> Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects that it is Defendant's burden, and not that of Plaintiff, to authenticate and provide evidentiary basis for documents that it has produced. Subject to and without waiving its General and Specific Objections, Plaintiff states that Plaintiff is without knowledge as to the authenticity of the Blog Posts, and is therefore not in a position to admit or deny their authenticity. Plaintiff further states that it believes that Trek is also without such knowledge.

Stippich Decl., Ex. 2, pp. 4-5.

Trek took issue with these responses. First, to the extent that LeMond relied on certain emails that were the subject of Trek's Requests for Admission Nos. 1 and 4 and were identified as "consumer comments" in LeMond's summary judgment motion, Trek argued that by submitting these emails to the Court in support of the summary judgment motion, LeMond was admitting the documents were authentic and admissible. Trek Mem. pp. 10-11, 14-15. Second, as to the balance of the documents that Trek sought to authenticate through Request for Admissions Nos. 1 and 4, Trek contended that LeMond's position that it was Trek's burden to authenticate the documents was not an appropriate basis for refusing to answer the requests. Id., p. 14. Furthermore, Trek

5

asserted that LeMond's failure to conduct any inquiry before it served responses stating that it was without knowledge as to the authenticity of the documents, was an improper response to a request for admission. Id. The Court agrees with Trek's arguments.

The emails utilized by LeMond in support of its summary judgment motion are found in Exhibit 20 to that motion. See Declaration of Jennifer Robbins ("Robbins Decl."), Ex. 20 [Docket No. 118]. Exhibit 20 contained the following bates numbered documents produced by Trek: TREK000057-060, TREK000092, TREK000100, TREK000104, TREK000111, and TREK000113. In pertinent part, the Declaration of Jennifer Robbins that accompanied that exhibit stated: "Attached to this Declaration as Exhibit 20 is a true and correct copy of TREK000113, TREK000104, TREK000100, TREK000111, TREK000092, TREK000057-60." Robbins Decl., ¶ 21. The Court finds that LeMond's reference to these documents in the declaration accompanying its motion for summary judgment, in conjunction with the declaration's attestation that the documents were true and correct copies, constituted an authentication of those documents by LeMond. See Orr v. Bank of America, 285 F.3d 764, 777 n. 20 (9th Cir. 2002) (citing Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n. 12 (9th Cir. 1996) for the proposition that "documents produced by a party in discovery [are] authentic when offered by the party-opponent"); Gulett v. Haines, 229 F.Supp.2d 806, 808 (S.D.Ohio 2002) ("The Admissions relied upon herein by the Court, submitted by [defendant] in response to Plaintiff's First Request for Admissions, have been sufficiently authenticated by [defendant's] own references thereto in his affidavit..."); 31 Wright & Gold, Federal Practice and Procedure: Evidence § 7105 ("Authentication can also be accomplished through judicial admissions such as stipulations, pleadings, and

production of items in response to subpoena or other discovery request."). LeMond cannot assert on one hand that it has no basis to authenticate or admit documents, while on the other hand, submit them as part its motion to dispose of the case. Accordingly, as to those emails that were attached to LeMond's motion for summary judgment at Exhibit 20 to the Robbins Declaration (i.e. TREK000113, TREK000104, TREK000100, TREK000111, TREK000092, TREK000057-60) and included in Request for Admission No. 1, those documents are deemed admitted.

As to the remainder of the documents encompassed by Requests for Admission Nos. 1 and 4, LeMond's objection was two-fold – first, in its response to the requests for admission, LeMond objected on the basis that it was Trek's burden to authenticate the documents, not LeMond's. Second, relying on Rule 901(a) of the Federal Rules of Evidence,[2] LeMond claimed that it was unable to authenticate the documents because it had no knowledge of what Trek believed the documents purported to be. LeMond Mem. in Opp., pp. 3-5. In this regard, LeMond contended that it had no knowledge about the authors of the blog posts or emails, their maintenance on the websites, or what it is that Trek claims the documents to be, and that without further information, it was unable to respond to the requests for admission. Id., p. 5.

Pursuant to Rule 36, if a responding party can affirmatively admit or deny part of a request, it must do so, and then explain in detail why it cannot admit the remaining part of the request. See Fed.R.Civ.P. 36(a)(4). Additionally, the responding party cannot refuse to admit or deny a request on the basis that it lacks the knowledge to do

---

[2] (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

so, unless and until it has made reasonable inquiry and was unable to obtain the information that would enable it to admit or deny. Id.

Despite LeMond's suggestion to the contrary, Trek did apprise LeMond what the documents attached to Request for Admission Nos. 1 and 4 purported to be. Specifically, Trek stated in both Requests that the documents were "Consumer and Dealer Emails and Letters" and "Blog Posts." Nevertheless, in contravention to Rule 36, LeMond made no inquiry prior to serving its responses to determine if the "matter in question is what the proponent claims." Fed. R. Evid. 901(a). Accordingly, LeMond's responses to Trek's Requests for Admission failed to provide the required detailed description of the steps LeMond took to obtain the information which would enable it to admit or deny the requests, a description of what information – if any – it obtained after taking those steps, and a statement as to why the information it did obtain did not enable it to admit or deny the requests.

In short, LeMond made no investigation to determine if the documents attached to Requests for Admission Nos. 1 and 4 were what Trek claimed them to be. Furthermore, LeMond's alleged inability to investigate the authenticity of these documents was completely at odds with its affirmative use of some of these same emails in support of its summary judgment motion. If LeMond had a means to determine the authenticity and admissibility of some of the Trek emails it wanted to use, LeMond could have engaged in the same efforts to determine the authenticity of the documents Trek wanted to use. Moreover, at the hearing on the motion, counsel for LeMond admitted that they could have engaged in efforts to determine the authenticity

of emails from "verifiable dealers" and for those emails that showed the identity of the sender of an email.

As to LeMond's contention that it was Trek's burden to authenticate the documents, and not LeMond's, LeMond provided the Court with no authority in support of that proposition, and the Court found no such authority. Indeed, LeMond's response runs contrary to the meaning of Rule 36, which, as stated above, is to facilitate proof with respect to issues that cannot be eliminated from the case, and to narrow the issues by eliminating those that can be. See <u>Sig Swiss Indus. Co. v. Fres-Co Systems</u>, 1993 WL 147241 at *1 (E.D.Pa. Apr. 30, 1993) (where defendant made no statement of reasonable inquiry in response to requests for admissions involving the authentication of various documents because it believed plaintiff had the burden of authenticating documents it planned to use at trial, court found the argument contrary to the spirit of Rule 36). In any event, LeMond's argument improperly conflates Rule 36 and Federal Rules of Evidence 901(a). While the latter rule may require a party to properly authenticate documents it intends to admit into evidence, it is Rule 36 which provides the party with a mechanism to accomplish the authentication.

For the reasons stated above, the Court finds that LeMond did not make a reasonable inquiry with regard to Trek's Requests for Admission Nos. 1 and 4, and accordingly did not comply with the requirements of Rule 36 when it responded to the requests for admission.

Where, as here, LeMond's answers failed to comply with Rule 36, the Court has the discretion to either deem the requests admitted or require LeMond to serve an

9

amended response. Fed.R.Civ.P. 36(a)(6).[3] The Court finds that the appropriate remedy is to deem Requests for Admission Nos. 1 and 4 admitted. First, LeMond already had more than adequate time, opportunity and knowledge to comply with the directives of Rule 36. Instead, despite Trek's description of the documents as "Consumer and Dealer Emails and Letters" and "Blog Posts," LeMond continued to press the untenable position that it could not admit or deny the authenticity of the documents because it did not know what the documents purported to be. Second, LeMond went on to authenticate and affirmatively use of some of these very same documents in connection with its own summary judgment motion. Nothing would be gained by giving LeMond yet another opportunity to get it right. See Tustin v. Motorists Mut. Ins. Co., 2009 WL 3335060 at *3 (N.D.W.Va. Oct. 14, 2009) (where defendant should have made a good faith inquiry into documents sought to be authenticated through request for admission but did not, request deemed admitted); M & T Mortg. Corp. v. Miller, 2008 WL 4163141 at *3 (E.D.N.Y. Sept. 3, 2008) (where party "failed to undertake reasonable inquiries to enable it to admit or deny the requests at issue, notwithstanding that more than adequate opportunity [had] been provided for it to do so," requests for admission deemed admitted); Patterson v. Burge, 2008 WL 4875948 at *3-4 (N.D.Ill. July 29, 2008) (plaintiff's unresponsive "stock answers" as well as assertions of lack of knowledge that did not meet the required specificity of Rule 36(a)(4) with respect to why plaintiff could not truthfully admit or deny requests for admission were deemed admitted).

---

[3] LeMond did not request an opportunity to amend its responses, but rather merely contended that it had sufficiently responded to the requests. LeMond's Mem., p. 3.

Further, this Court finds that Trek's request for an award of attorney's fees and cost should be granted. Trek's Mem., p. 15. If a party who has served requests to admit is required to file a motion to compel in order to obtain answers to the requests, the provisions of Rule 37(a)(5) are applicable. See Fed.R.Civ.P. 36(a)(6).

Rule 37(a)(5)(A) provides as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Furthermore, Rule 37(c) authorizes sanctions against "a party [who] fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36," and none of rule's exceptions apply. Johnson Intern. Co. v. Jackson Nat. Life Ins. Co., 19 F.3d 431, 439, n. 8 (8th Cir. 1994).

Here, the written correspondence between the parties, along with the fact that the parties met and conferred, established that Trek make a good faith attempt to obtain the admissions before filing the present motion. Further, as discussed above, the Court finds that LeMond's objections to the Requests for Admission were not substantially justified. LeMond did not make any inquiry whatsoever before responding to the requests; the contention that LeMond did not know what Trek claimed the documents to be was belied by Trek's statement that the documents were "Consumer and Dealer Emails and Letters" and "Blog Posts;" the usage by LeMond of the same documents in support of its own motion for summary judgment demonstrated that LeMond was able to

11

authenticate the documents when it served LeMond's interests; and the unsubstantiated argument that it was Trek's, and not LeMond's, burden to authenticate the documents, all have satisfied this Court that LeMond's objections were not justified.  Finally, there are no circumstances making an award of fees unjust in this case.

Accordingly, the Court will grant Trek's request for attorney's fees and costs incurred in bringing and attending this motion.  On or before December 11, 2009, Trek shall submit an affidavit to the Court setting forth a description of the reasonable attorney's fees and costs it incurred in preparing for and attending this motion, including the name of each provider of services, their respective hourly rate, a description of the services performed, and hours spent for each service.  The Court will issue then a successive Order awarding the amount of fees it deems appropriate.

J.S.M.