UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEMOND CYCLING, INC.,                       CIVIL NO. 08-1010 (RHK/JSM)

    Plaintiff,

v.                                                  ORDER

TREK BICYCLE CORPORATION,

    Defendant and Third-Party Plaintiff,

 v.

GREG LEMOND,

    Third-Party Defendant.

JANIE S. MAYERON, U.S. Magistrate Judge

    This matter came before the Court on the Affidavit of Ralph A. Weber in Support of Fees and Costs Pursuant to Judge Mayeron's November 30, 2009 Order [Docket No. 211], based on this Court's November 30, 2009 Order [Docket No. 209]. No response was made on behalf of LeMond Cycling, Inc. or Greg LeMond. The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

    IT IS HEREBY ORDERED:

    On or before February 1, 2010, LeMond Cycling, Inc. and Greg LeMond shall pay to Trek Bicycle Corporation the sum of $9,384.94. as reasonable compensation for the attorney's fees and costs it incurred in bringing Trek's Motion to Compel Answers to Interrogatories, to Deem Facts Admitted, and for Expenses [Docket No. 123].

Dated: January 15, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**MEMORANDUM**

On July 14, 2009 Trek filed a motion, seeking to compel LeMond Cycling, Inc. and Greg LeMond (collectively "LeMond") to provide answers to Interrogatory No. 11 and Requests for Admission Nos. 1 and 4 of Trek's Second Set of Written Discovery. [Docket No. 123]  The Court granted the motion and awarded Trek attorney's fees and costs incurred in preparing and arguing the motion.  See November 30, 2009 Order [Docket No. 209].  To this end, the Court ordered Trek's counsel to file an affidavit with the Court setting forth its reasonable attorney's fees and costs in preparing and arguing the motion, including the name of each provider of services and their hourly rate, a description of the services performed, and hours spent for each service.  Id.  Trek subsequently filed the Affidavit of Ralph A. Weber in Support of Fees and Costs Pursuant to Judge Mayeron's November 30, 2009 Order [Docket No. 211].

In his Affidavit, Trek's counsel represented that Trek was seeking $13302.44 for fees and expenses incurred by Gass Weber Mullins LLC and local counsel.

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Gumbhir v. Curators of the Univ. of Missouri, 157 F.3d 1141, 1146 (8th Cir. 1998) (citations omitted); Transclean Corp. v. Bridgewood Services, Inc., 134 F. Supp.2d 1049, 1052 (D.Minn.

2001).  This approach is referred to as the lodestar method.

"Under the lodestar method, the Court determines 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" Young v. Diversified Consultants, Inc., 554 F.Supp.2d 954, 956 (D.Minn. 2008) (J. Davis) (quoting Hensley, 461 U.S. at 433).  A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated.  Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001); McDonald v. Armentrout, 860 F.2d 1456, 1458-59 (8th Cir. 1988) ("Requested rates should be in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.") (quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984).  The fee applicant bears the burden to produce evidence to support the rates charged and hours worked.  Hensley, 461 U.S. at 433.

Once a lodestar amount is determined, the court then considers the relevant factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), to increase or decrease the lodestar figure if appropriate.  Gopher Oil Co., Inc. v. Union Oil Co. of California, 757 F. Supp. 998, 1009 (D.Minn. 1991) (citation omitted).

These factors include:

> (1) the time and labor required;  (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 1011 n. 16 (citing Johnson, 488 F.2d at 717-19). Even though the Johnson factors may be used to raise or lower the lodestar amount, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Id. In short, "[a]ssessing the reasonableness of a fee requires [the Court] to consider the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." Jenkins v. Missouri, 127 F.3d 709, 718 (8th Cir. 1997); see also Hensley, 461 U.S. at 433-34 (finding that hours may be reduced by the court where documentation of the hours is inadequate, if the case was overstaffed, or if the "hours are excessive, redundant or otherwise unnecessary.").

### 1. Reasonable Hourly Rate

The standard hourly rate for Trek's counsel was $250 for associates Dombrowicki and Stippich, $350 for "member" Weber, and $125 for paralegal Zastrow. See Weber Aff., p. 3. The standard hourly rate for Trek's local counsel was $225 for associate Rolf and $390 for shareholder Salveson. Id. p 4. Based on this Court's knowledge of and experience with the prevailing rates in this market, these rates are comparable to the rates of other attorneys in this community with similar knowledge and practice experience. See Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005) ("when fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates"). Accordingly, the Court finds the hourly rate charged by Trek's counsel to be reasonable.

### 2. Reasonably Expended Hours

Next, the Court examines the number of hours expended by Trek's counsel to determine if they are reasonable in light of the outcome, the necessity and usefulness of the services provided, and the efficiency with which they conducted that activity in light of their expertise. In performing this calculation, the Court must exclude "excessive, redundant, or otherwise unnecessary" hours. Hensley, 461 U.S. at 434.

Trek's submission can generally be broken down as follows:

- Initial review and analysis of LeMond's responses to discovery and determination of grounds for motion to compel – 5.2 hours (3.7 hours by associate Stippich and 1.5 hours by member Weber)

- Preparation of June 29, 2009 letter to LeMond's counsel regarding deficiencies in responses to discovery – 2.6 hours (.2 hours by associate Stippich, 2.3 hours by associate Dombrowicki, and .1 hours by paralegal Zastrow)

- Further letters and meet and confer call regarding deficiencies in responses to discovery – 2.1 hours by associate Stippich

- Research and preparation of motion to compel – 16.5 hours (7.8 hours by associate Stippich, .7 hours by member Weber, 5.2 hours by paralegal Zastrow, and 2.8 by associate Rolf)

- Research and preparation of reply – 10.0 hours (5.7 hours by associate Stippich, 1.1 hours by member Weber, .3 hours by paralegal Zastrow and 2.9 hours by associate Rolf)

- Travel to and from hearing and attendance at hearing – 10 hours (8.5 hours by member Weber and 1.5 hours by shareholder Salveson.)

This Court finds that certain services expended by Trek's counsel were excessive, redundant or unnecessary, and accordingly, has reduced its fee petition.

Gass Weber Mullin LLC had one member and two associates working on this motion to compel. While use of local counsel to ensure compliance with this District's

Local Rules is appropriate, this Court is at a loss as to why it also required local counsel to analyze its motion or reply.  Similarly, use of local counsel to assist in the filing of papers with this Court is appropriate; what is not compensable are purely clerical or secretarial tasks such as filing the pleadings.  See Bores v. Domino's Pizza LLC, Civ. No. 05-2498 (RHK/JSM), 2008 WL 4755834 at *7 (D.Minn. Oct. 27, 2008) (citing Shrader v. OMC Aluminum Boat Group, Inc., 128 F.3d 1218, 1222 (8th Cir.1997); Gorman v. Easley, Civ. No. 95-0475, 1999 WL 34808611, at *5 (W.D.Mo. Oct.28, 1999)); see also Mogck v. Unum Life Ins. Co. of America, 289 F.Supp.2d 1181, 1193 (S.D.Cal.,2003) ("'[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service rates are not applicable.'") (quoting New Mexico Citizens for Clean Air and Water v. Espanola Mercantile Co., Inc., 72 F.3d 830, 835 (10th Cir. 1996)).  Associate Rolf expended 5.7 hours on the initial motion to compel and reply brief, including insuring compliance with local rules.  The Court will award 1 hour for services he provided in insuring that Trek's filing complied with the Local Rules.  The balance of his time was redundant or was clerical in nature and not compensable.

Trek sought reimbursement for 10 hours of time expended by member Weber and shareholder Salveson associated with a 50-minute hearing before this Court.  See Docket No. 134.  Included within this time was travel time by Weber to and from St. Paul from Milwaukee.  Weber argued the motion, and according to Weber's Affidavit, Salveson apparently had no other involvement in the motion.  Although Trek may have requested that Salveson attend the hearing, the Court finds that his presence was redundant and constituted overlapping

billing.  See Bores, 2008 WL 4755834 at *7 ("Dominos has nowhere explained why it required the services of so many different lawyers. And, the involvement of so many 'cooks in the kitchen' has resulted in a significant amount of redundancy and overlapping billing. … [I]t may be reasonable to expect a client to pay the cost of having several lawyers ..., and of course a client can elect to pay an unreasonable sum for his or her representation. However, the issue deserves scrutiny when the prevailing party asks the losing party to assume that extra financial burden.") (quoting Gorman, 1999 WL 34808611 at *5)).  Further, the Court will not award time expended by Weber travelling to and from the hearing and the expenses associated with his travel ($270.81).  Again, while Trek may have requested that Weber attend the hearing in person, local counsel could have easily appeared in person and Weber by phone, reducing the bill for this trip substantially.  In sum, the Court will not award time for Salveson's involvement in the hearing (1.5 hours), Weber's travel expense of $270.81, and 6.5 hours of Weber's time.

Accounting for these reductions, this Court concludes that an appropriate award for fees and costs incurred by Trek in preparing and arguing the motion to compel is $9,384.94.

J.S.M.